## HILL v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. April 1, 1921.)

No. 2863.

1. **Counterfeiting ☞16—Indictment for having in possession counterfeit notes must allege guilty knowledge.**

An indictment for having in possession a falsely altered and spurious bank note, but containing no averment that the accused knew it to be altered or spurious, *held* not to charge an offense.

2. **Counterfeiting ☞16—Indictment and information ☞61—Indictment for passing spurious Federal Reserve bank note held sufficient; not necessary to allege matter of judicial notice.**

In an indictment for uttering and passing a falsely altered and spurious note issued by a specified Federal Reserve bank, it is not necessary to allege that such bank is engaged in the banking business, of which fact, in view of the statute creating such banks, the court will take judicial notice.

3. **Counterfeiting ☞16—Indictment for passing altered Reserve bank note need not set out copy of note before alteration.**

An indictment for uttering and passing as genuine a note which had been issued by a named Federal Reserve bank as a genuine note for $1, but which had been falsely altered so that it purported to be a note for $10, with knowledge of such fraudulent alteration, which indictment contained a photographic copy of the note as altered, *held* not insufficient because it did not set out a copy of the note before alteration.

4. **Counterfeiting ☞16—Photographic copy of altered bank note may be used in indictment.**

An indictment for knowingly uttering and passing a falsely altered bank note *held* not insufficient because it used a photograph as a substitute for an averment of the tenor of the altered note.

5. **Counterfeiting ☞8—Alteration of bank note to be material need not be such as to deceive experienced and prudent persons.**

To constitute a material alteration of a bank note which will subject one knowingly uttering and passing it as genuine to criminal liability, the alteration need not be such as would deceive experienced and prudent persons.

6. **Counterfeiting ☞18—To warrant conviction for passing altered bank note it must be shown to have been genuine before alteration.**

To warrant conviction for knowingly uttering and passing as genuine a bank note which had been falsely and fraudulently altered, it must be shown that the note was a genuine bank note before alteration.

In Error to the District Court of the United States for the Eastern District of Illinois.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Criminal prosecution by the United States against Elzey B. Hill, alias Edward G. Howe. Judgment of conviction, and defendant brings error. Reversed.

Chester H. Krum, of St. Louis, Mo., for plaintiff in error.

A. B. Dennis, of Danville, Ill., for the United States.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Plaintiff in error was convicted on two counts of an indictment which charge or attempt to charge him (a) with publishing, uttering, and passing a falsely altered and spurious Federal Reserve bank note with guilty knowledge, and (b) with having in his possession a falsely altered and spurious bank note.

[1] The latter count is challenged because no violation of any statute of the United States is disclosed. We think the exception well taken.

Nowhere in this count is it alleged that plaintiff in error knew that the bank note in his possession was altered or spurious. This was a fatal omission. U. S. v. Carll, 105 U. S. 611, 26 L. Ed. 1135. The count of the indictment here under consideration is not as full or complete as the one condemned in the Carll Case.

Neither in the government's brief nor on the oral argument do we find a serious attempt to justify or excuse the absence of this necessary allegation.

The other count upon which plaintiff in error was convicted we quote in full:

"And the grand jurors aforesaid, upon their oaths aforesaid, do further present that Elzey B. Hill, alias Edward G. Howe, on, to wit, the 7th day of July, in the year of our Lord one thousand nine hundred nineteen, at East St. Louis, in the county of St. Clair, in the state of Illinois, in the Eastern district aforesaid, and within the jurisdiction of said court, did then and there willfully, knowingly, falsely, unlawfully, and feloniously publish, utter, and pass to Walter J. Gillen as true and genuine a certain falsely altered and spurious circulating bank note, to wit, a certain Federal Reserve bank note,. which had been issued by the Federal Reserve Bank of St. Louis, Mo., to pay to the bearer on demand the sum of $1, but which had been falsely altered so· that the bank note purported to be a bank note issued by the Federal Reserve Bank of St. Louis, Mo., of the denomination of and constituting a contract of said Federal Reserve Bank of St. Louis, Mo., to pay to the bearer on demand the sum of $10, the face of which said altered Federal Reserve bank note is in words and figures following: [Photograph of face of note]—and the· back of which said altered Federal Reserve bank note is in words and figures following: [Photograph of back of note]—he, the said Elzey B. Hill, alias Edward G. Howe, then and there well knowing that said Federal Reserve bank note had been· falsely altered as aforesaid, with the intent in him, the said Elzey B. Hill, alias Edward G. Howe, to damage and defraud the said Walter J. Gillen, contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States."

Counsel for plaintiff in error vigorously attacked this count on numerous grounds. Unfortunately we have no assistance from counsel for the government. To all intents and purposes, the government has· defaulted, resting its case on an assertion that it "expresses the confident expectation that we will not be able to find reversible error in· the record." These confident assurances can hardly be accepted. as an· answer to the specific and well fortified criticism of opposing counsel.

[2] It is first contended that this count of the indictment fails to allege that the Federal Reserve bank is engaged in the banking business, an alleged requirement of the statute. In view of the act of Congress creating the Federal Reserve bank (38 Stat. 251), we think the court was justified in taking judicial notice of the fact that the Federal Reserve Bank of St. Louis is an association engaged in a banking business. Matter of Dunn, 212 U. S. 374, 29 Sup. Ct. 299, 53 L. Ed. 558; Beck v. Johnson (C. C.) 169 Fed. 154; Leonard v. Lennox, 181 Fed. 760, 104 C. C. A. 296.

[3] More serious is the urge of counsel to the effect that the indictment fails to apprise the plaintiff in error of the character of the alterations. In other words, the pleader failed to set forth the genuine instrument.

It is claimed that a photographic representation of the altered instrument does not sufficiently apprise the accused of the offense with which he is charged so that he may prepare himself to meet the issue. It might have been the safer practice to set forth either by precise words or by exact copy the bank note as it appeared originally and the bank note as it was altered. But we are not satisfied that this was not in substance what was done. The Federal Reserve Bank Act prescribes that "the comptroller of currency shall * * * cause plates and dies to be engraved in the best manner to guard against counterfeits and fraudulent alterations, and shall have printed therefrom and numbered such quantities of such notes of the denominations * * * as may be required," etc. Section 9799, subd. 9, United States Comp. St. Ann. Supp. 1919. Other provisions may be found in the statutes concerning these matters. Examination of the indictment shows that the altered note was truly set forth, and it clearly appears that before altered it was the usual form of Federal Reserve bank note. It also further appears that the alteration consisted of a change from $1 to $10.

We have, therefore, a situation where the pleader, in apprising the accused of the nature of his offense, described with great particularity and accuracy the altered Federal Reserve bank note. Accused was also told of some of the material changes made in the original note, and by reference to an original bank note (specific and detailed in view of the statutes) was fully informed as to the alterations.

In other words, where the statute and extensive general use accurately and fully informs an individual of the language, form, and appearance of a lawful Federal Reserve bank note, and the fraudulently altered note is set forth by way of a photograph, the accused is apprised of the situation as fully and fairly as if the pleader had in addition pointed out and enumerated the differences between the original and the altered note. As these Federal Reserve bank notes of any single denomination are all similar, and as they are in most extensive circulation, we think the plaintiff in error can hardly urge surprise or failure to inform him of the crime which he was called upon to meet.

This conclusion is more readily reached because the gist of the offense is not the altering of a bank note, but in uttering a fraudulently

altered note. Surely greater particularity would be required in pleading forgery than in uttering or possessing a forged negotiable instrument.

[4] The objection that the pleader made use of a photograph as a substitute for the averment of the tenor of the altered bank note is not well taken. It does not appear that the altered bill was photographed, nor is it material whether the altered bill is presented in the indictment as the product of the district attorney's pen or of the photographer's work. In either case counsel was advised fully of the essential facts, and it is quite immaterial whether such information was conveyed by pen and ink, by the typewriter, by the use of the printing press, or in part by use of the camera. There is, in the present case, no assertion or claim that the photographic copy did not apprise the defendant as fully as the altered note itself would have apprised him, and it was, of course, impossible to produce the bank note in its original state, because either the defendant or some other individual made that impossible.

[5] It is finally urged, and with force and ability, that the alterations must not only be material, "but must be reasonably calculated to deceive an unsuspecting person of ordinary prudence." Because the modifications in the present bank note were so crude and the work so coarse, counsel earnestly argues that no reasonably prudent person could have been deceived thereby, and therefore no crime committed. In support of this argument, our attention is called to various salient features of the altered bank note, which, it is claimed, would have caused the aforementioned reasonably prudent individual to reject the note as spurious. It is not necessary to set forth in detail the facts upon which this argument is based. For we reject the premise on which it is founded. To hold that the material alterations must be of such a character as to deceive the reasonably prudent individual would be destructive of the purposes of the law. In fact, it would lead to the most absurd results.

For whose protection was this law enacted? For the discerning and discriminating alone? Are the illiterate and inexperienced to be left with no protection? Obviously not. Certainly Congress never intended that liability could be avoided provided the criminal's work was so coarse and crude that only children, the unwary, or the uneducated or the inexperienced, or the trusting and confiding citizen would be deceived thereby. In order to secure protection against one who utters a forged note, must the individual know that upon one side of the Federal Reserve bank note of the denomination of $1 is the picture of George Washington, while on the face of the $10 note there appears the likeness of Andrew Jackson? And must he know that on the other side of the $1 note appears the picture of an American eagle, while on the opposite side of the $10 note appears a harvest scene? Or, to be more particular, must one seeking protection against the fraud of another be chargeable with the knowledge that on the Federal Reserve note, near the figures "1" as they appear on the same side as the picture of Washington there also appears the word "one" while on the opposite side no such word "one" appears near the figure "1"?

But it is unnecessary to pursue the subject further. The statute is explicit, and we conclude that one who either materially alters a note or who, with guilty knowledge and criminal intent, passes the note thus altered, may not escape liability because of the ignorance or the confiding nature of the party to whom it is passed. Certainly in the present case there can be no controversy over this issue, for the altered note was not only quite similar to the original, but it actually did deceive a business man.

[6] Finally, it is argued that the government failed to show that the alleged bank note in question was, before it was altered, the genuine bank note of the St. Louis Federal Reserve Bank. This objection is well taken. Nowhere have we found any evidence tending to establish the genuineness of this bank note before alteration. True, the language and appearance of the body of the note is that of a Federal Reserve bank note. But of what bank? Until properly signed and issued by a Federal Reserve bank, such a piece of paper is not a bank note. The crime charged was not committed unless it is shown that the alterations were on a duly issued Federal Reserve bank note.

The judgment is reversed, and a new trial on count 4 of the indictment ordered.