Ackley Bifano KEEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 53439.

Court of Criminal Appeals of Texas.

Dec. 8, 1976.

---

Peter A. Lesser, Dallas, for appellant.

Henry Wade, Dist. Atty., and William M. Lamb, Dan D. Pitzer, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On September 19, 1975, appellant pled guilty to attempted burglary of a habita-

tion before the court and his punishment was assessed at three (3) years. The imposition of the sentence was suspended and the appellant was placed on probation subject to certain conditions of probation, including

"(a) Commit no offense against the laws of this or any other State or the United States."

On January 13, 1976, the State filed a motion to revoke probation alleging, among other things, that on December 31, 1975 the appellant "did then and there intentionally and knowingly operate, without the effective consent of the owner, Danny M. Cain, one motor propelled vehicle, to-wit: 1967 Chevrolet . . . ."

In his sole contention appellant urges that the court erred in failing to grant his motion to require the State to prove its case using as a standard of proof "beyond a reasonable doubt" instead of "by a preponderance of the evidence."

Prior to the revocation hearing, appellant filed his written motion on the burden of proof and it was denied. The court stated, "This Court will operate under the principle of the State's proof of violation of probation by a preponderance of evidence."

Appellant recognizes that in *Scamardo v. State*, 517 S.W.2d 293 (Tex.Cr. App.1974), the majority of this court determined that the burden of proof placed on the prosecution in a revocation hearing was "by a preponderance of the evidence."[1] He urges that reconsideration be given the question and that the holding in *Scamardo* should be reexamined and that it should be expanded by adopting a burden of proof of "beyond a reasonable doubt" in revocation proceedings where the alleged violation is the commission of a criminal offense against the laws of this State, any other State, or the United States.

The majority has carefully reconsidered its holding in *Scamardo* and adheres thereto.

1. This writer dissented in *Scamardo* and still adheres to the belief that the burden of proof in revocation proceedings should be "beyond a

reasonable doubt." See also the dissenting opinion in *Kelly v. State*, 483 S.W.2d 467 (Tex. Cr.App.1972).

It is further observed that the facts in the instant case were sufficient to show that appellant committed the offense charged as the basis of revocation even if the burden of proof had been "beyond a reasonable doubt."

The judgment is affirmed.