Dwayne Carry LLOYD aka Dwayne Kerry Lloyd, Appellant,

v.

The STATE of Texas, Appellee.

No. 59733.

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 13, 1978.

Ronald H. Tonkin, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde A. Wilson, Jr. and Candelario Elizondo, Asst. Dist. Attys., Houston, for the State.

Before DOUGLAS, TOM G. DAVIS and VOLLERS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from an order revoking probation.

On June 2, 1976, appellant entered a guilty plea to the offense of possession of heroin. Punishment was assessed at ten years, probated.

On June 24, 1977, the State filed a motion to revoke the appellant's probation, and among the violations alleged was the following:

". . . that said defendant did then and there violate the terms of his probation by unlawfully committing the offense of Passing a Forged Instrument on or about April 2, 1977 . . . ."

After a hearing was held on the motion on July 22, 1977, the court entered an order revoking appellant's probation. The basis for the judge's order was a violation of a condition of his probation as set out above.

■ Appellant maintains that the trial judge erred in granting the motion to revoke in that there was no proof that the appellant *knew* the check was forged when he cashed it.

The record reflects that Pang Liu, a grocery store employee, testified that he cashed a government check for the appellant. The check was a Social Security check made out to Junius Lavan. Liu stated that he knew the appellant, and that the appellant represented to him that the check was an income tax refund. Liu called or was called by a female representing that she was the appellant's mother and was told by this woman that the check was valid. Liu further testified that appellant signed the back of the check before giving it to him. The check, identified as the instrument passed on the occasion in question, was introduced into evidence and bears only one endorsement, that being the name of "Junius Lavan."

Junius Lavan testified that he had never received the check and that, since he could neither read nor write, the endorsement in his name was not his signature.

We find that this evidence was sufficient to support a finding that the appellant knew the endorsement was forged. See, *Stuebgen v. State*, Tex.Cr.App., 547 S.W.2d 29; *Phillips v. State*, Tex.Cr.App., 488 S.W.2d 97; *Hilton v. State*, Tex.Cr.App., 443 S.W.2d 843.

■ Appellant next contends that the trial court erred in revoking his probation on the basis of the Social Security check in question. Appellant maintains that it was necessary to first prove that the check was a valid obligation of the United States Government before it could be properly admitted into evidence. He relies on *Hill v. United States*, 275 F. 187 (7th Cir. 1921).

The offense of forgery under V.T.C.A. Penal Code, Sec. 32.21, does "not require that the instrument in writing be such as to create, increase, diminish, discharge or defeat pecuniary obligation." *Martinez v. State*, Tex.Cr.App., 551 S.W.2d 735, 737. Thus, there was no requirement to prove that the check was a valid obligation.

■ Appellant finally contends that the trial court erred in denying appellant's Motion for Reconsideration of the Revocation in light of his subsequent acquittal by a jury on the same charge.

The standard of proof in a revocation is a preponderance of the evidence; in a trial on the substantive charge proof beyond a reasonable doubt is required. *Russell v. State*, Tex.Cr.App., 551 S.W.2d 710; *Keel v. State*, Tex.Cr.App., 544 S.W.2d 151. An acquittal under the higher burden of proof is not inconsistent with a granting of a revocation motion under the lower burden of proof. Thus, a subsequent acquittal does not affect the prior revocation. Cf. *Russell v. State*, supra.

The only question presented in an appeal from an order revoking probation is whether the trial court abused its discretion in revoking the appellant's probation. *Rice v. State*, Tex.Cr.App., 548 S.W.2d 725; *McGuire v. State*, Tex.Cr.App., 537 S.W.2d 26. We hold that no abuse of discretion has been shown.

The judgment is affirmed.

VOLLERS, Judge, concurring.

I concur in the result reached, but I wish to point out that the implication in the majority opinion that the evidence must be sufficient to show that the appellant knew that the check was forged is improper. Section 32.21(b), V.T.C.A. Penal Code provides that:

"A person commits an offense if he forges a writing with intent to defraud or harm another."

Under Section 32.21(a)(1), V.T.C.A. Penal Code, "forge" means:

"(b) To issue, transfer, register the transfer of, pass, publish, or otherwise utter a writing that is forged within the meaning of paragraph A of this subdivision . . ."

The clear wording of these provisions requires the conclusion that the passing of an instrument that is altered or executed so as to purport to be the act of another who did not authorize it is a forgery, whether or not the person passing it knows it to be forged. It becomes an offense when this person passes the forged instrument "with intent to defraud or harm another." The intent to defraud can be established by showing that the person passing the forged instrument knows that it is forged, but this is not the exclusive method. If the State can prove in some other manner that there was an intent to defraud or harm, then this provision of the statute is satisfied. Proof of knowledge that the instrument was forged by the person passing it is not the *only* way that the intent to defraud can be shown.

I concur in the result reached by the majority opinion.