No. 04-00-00193-CR



Larry BAILEY,


Appellant



v.



The STATE of Texas,


Appellee



From the 175th Judicial District Court, Bexar County, Texas


Trial Court No. 1989-CR-4273


Honorable Mary Román, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: October 18, 2000


AFFIRMED

 Larry Bailey appeals the trial court's order revoking his probation and imposing a sentence
of ten years confinement in the Institutional Division of the Texas Department of Criminal Justice.
Bailey contends the trial court abused its discretion because the State failed to prove he violated a
condition of probation and because the ten year sentence is unduly harsh. We disagree and affirm.

Factual and Procedural Background


 Bailey pled guilty to possession of methamphetamines and, on September 24, 1990, the trial
court found Bailey guilty and sentenced him to ten years imprisonment. The court suspended the
sentence and placed Bailey on probation for ten years. In January 2000, the State filed a motion to
revoke probation, alleging Bailey violated a condition of his probation by committing the offense of
theft in the amount of between fifty and five hundred dollars. Bailey pleaded not true to the allegation.
After a hearing, the trial court found Bailey violated a condition of his probation and imposed a ten
year sentence. Bailey appeals.

Standard of Review


 We review a trial court's order revoking probation for abuse of discretion. Jackson v. State,
645 S.W.2d 303, 305 (Tex. Crim. App. 1983). Under this standard, we "view the evidence in the light
most favorable to the trial court's ruling," giving the trial court almost total deference on its findings
of historical fact supported by the record. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997). However, if the resolution of the factual issues does not turn upon an evaluation of credibility
or demeanor, we review the trial court's determination of the law, as well as its application of the law
to the facts, de novo. Id.

Discussion


 Bailey argues the trial court abused its discretion because 1) the State failed to prove he
committed theft, 2) the State subsequently dismissed the theft charge, and 3) revocation and a
sentence of ten years was unreasonably harsh in light of the circumstances.

Violation


 The State has the burden of proving by a preponderance of the evidence that the defendant
committed a violation of the conditions of his probation. The State satisfies this burden "when the
greater weight of the credible evidence before the court creates a reasonable belief that a condition
of probation has been violated as alleged." Taylor v. State, 604 S.W.2d 175, 179 (Tex. Crim. App.
[Panel Op.] 1980). The trial court is the sole judge of the credibility of the witnesses and the weight
to be given their testimony in a revocation hearing. Id. 

 At the revocation hearing, Brian Reece, a manager at a Wal-Mart store, was the State's sole
witness. Reece testified he was contacted by an associate in the electronics department of the store
about a man at the counter who was attempting to return a web TV unit without a receipt. Reece saw
Bailey at the electronics counter and recognized him as someone who had returned items without
receipts previously. The associate told Bailey to go to the courtesy desk at the front of the store, and
Reece met Bailey there. The web TV unit was in a sealed box that had not been opened. It had a pink
sticker, called a Garby, which is placed on return items by the greeter at the front door of the store.
The Garby sticker is made so when it is removed it leaves the word "void." Once the sticker has been
removed, it does not stick well to another item and will not leave "void" on the other item. At the
courtesy counter, Reece noticed that the Garby was not stuck well to the web TV unit and did not
leave the word "void" when he removed it. 

 At that point, Reece left Bailey at the counter and went to the front door to ask the greeter
if she recognized Bailey. She told Reece Bailey had entered the store with a bag of oil to be returned.
Reece then went to the security room to view videotapes. The videotape of the front part of the store,
which was admitted into evidence, shows Bailey and another man coming in the store. Bailey is
carrying a bag and the greeter places Garby stickers on the contents. The other man is empty-handed.
The two go to the courtesy desk, where it appears Bailey removes a sticker and then obtains a refund
for cans of oil. Bailey then walked empty-handed further into the store. Later, the videotape shows
Bailey and the other man meeting at the courtesy counter; the other man has the web TV unit, which
he leaves with Bailey, and leaves the store. Reece also testified he reviewed a videotape of the
electronics department, which shows Bailey coming into the department, going back to where the
web TV units are, and walking up to the department counter with the unit. The price of the unit is
$199.96.

 After reviewing the videotapes, Reece told Bailey the store would not give him a refund.
Reece then testified he and another manager went outside to see if Bailey would leave the store with
the unit. He did and was escorted back in. Reece testified Bailey told him his friend had put him up
to it, that he had stolen from Wal-Mart on several occasions, that the employees were stupid, and that
he would be back.

 Bailey testified in his defense and denied saying any of these things to Reece. He testified his
friend Ruben gave him a ride to the store so he could return some transmission oil and that Ruben
had the web TV unit in the car. He denied ever handling the unit and testified he was waiting at the
courtesy desk for Ruben to return. When he did not return, the clerk at the counter told Bailey she
could not give a refund, she removed the sticker, and told him he could take the unit out to his friend.
Bailey testified he told her he did not want to get in trouble, so the clerk walked him out the door.
When he got to the parking lot, he was stopped. Bailey denied he removed a Garby sticker from the
oil or placed it on the web TV and denied ever going to the electronics department or attempting to
steal the unit. He testified Ruben is "willing to take the blame for the whole thing."

 A person commits theft if, without the effective consent of the owner, he acquires or
otherwise exercises control over property with intent to deprive the owner of the property. Tex.
Penal Code Ann. §§ 31.01(4)(B); 31.03(a), (b)(1) (Vernon Supp. 1999) . The trial court was free
to believe Reece's testimony that neither of the men had a web TV unit when they entered the store
and that Bailey took a web TV unit from the electronics department and, effectively representing it
was his, attempted to obtain cash for it. This evidence is sufficient to support a finding by a
preponderance of the evidence that Bailey committed theft. See Hill v. State, 633 S.W.2d 520, 521
(Tex. Crim. App. [Panel Op.] 1981) ("it is not essential that the property be taken off the premises;
it is instead only essential that the evidence show an 'exercise of control over the property,' coupled
with an 'intent to deprive the owner of the property'"). Moreover, the evidence supports the
conclusion that Bailey walked out of the store with the unit, although neither he nor his friend had
brought it into the store and neither of them had paid for it. Because the trial court is the exclusive
trier of fact in a revocation of probation hearing, his resolution of the facts against Bailey is not an
abuse of discretion.

 Bailey also alleges the court abused its discretion in finding a violation because the State
subsequently dismissed the theft charge against him. First, there is no evidence in the record of the
dismissal. However, even if there were, the fact of dismissal does not mandate a finding that Bailey
did not commit a violation of his probation. The State could have dismissed the Class B misdemeanor
charge for any number of reasons, including Bailey's incarceration or the fact that the State's burden
of proof is higher in a prosecution than at a revocation hearing. See Polk v. State, 729 S.W.2d 749,
756 n.1 (Tex. Crim. App. 1987) (acquittal in a criminal prosecution is not inconsistent with granting
a motion for revocation for the same offense); Lloyd v. State, 574 S.W.2d 159, 160 (Tex. Crim. App.
[Panel Op.] 1978) (same).

Revocation and sentence


 Bailey next argues the trial court abused its discretion in revoking his probation and imposing
a ten year sentence. Although he produced no evidence on these issues at the hearing, he argues he
successfully completed nine years of his probation and has serious medical problems, including a heart
condition, and that in light of the circumstances, the sentence is unduly harsh. 

 Once the trial court makes an affirmative finding, supported by the evidence, that a condition
of probation has been violated, the court may continue, modify, extend, or revoke the probation. Tex.
Code Crim. Proc. Ann. art. 42.12 (22) (Vernon Supp. 1999). The trial court's discretion to choose
among these alternatives is "substantially absolute." Hays v. State, 933 S.W.2d 659, 661 (Tex.
App.--San Antonio 1996, no pet.) (quoting Flournoy v. State, 589 S.W.2d 705, 709 (Tex. Crim.
App. [Panel Op.] 1979)). When the judge revokes probation, he "may proceed to dispose of the case
as if there had been no community supervision" or, if he determines "the best interests of society and
the defendant would be served by a shorter term of confinement," he may reduce the term of
confinement originally assessed to a term not less than the minimum prescribed for the offense. Tex.
Code Crim. Proc. Ann. art. 42.12 (23) (Vernon Supp. 1999). Thus the trial court acted within its
discretion when it revoked Bailey's probation and sentenced him to the term for which he initially
plea-bargained.

 For these reasons we affirm. 


 Sarah B. Duncan, Justice

Do not publish