11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Morris William Mood, Jr.

Appellant

Vs.                   No. 11-01-00202-CR B Appeal from Brown County

State of Texas

Appellee

 

Morris William Mood, Jr. appeals the trial
court=s judgment dated May 25, 2001, which granted
the State=s motion to revoke community
supervision.  The clerk=s record shows that the trial court accepted
appellant=s plea of Aguilty@ to burglary of a building and entered a
judgment on August 12, 1999, pursuant to an agreement with the State that he
would be sentenced to confinement for two years in the State Jail Division of
the Texas Department of Criminal Justice, that the imposition of sentence would
be suspended, and that he would be placed on community supervision for five
years.  We affirm the judgment of the
trial court. 

                                                         Issues
for Appellate Review

Appellant presents five issues for appellate
review.  First, he argues that the trial
court should not have found Atrue@ on the allegation of theft from Pate=s Hardware because the evidence Adid not rise to the level of proof by a
preponderance of the evidence.@  Our ruling on this issue is
dispositive, and the other issues need not be discussed.[1]  See TEX.R.APP.P. 47.1.

                                                                Background
Facts








The indictment charged that, on or about June
30, 1999, appellant intentionally entered a building which was not then open to
the public and, without the consent of the owner, committed theft of
property.  The State filed a motion to
revoke probation on December 6, 2000, and the reporter=s record shows that the amended motion to
revoke probation was heard on May 22, May 24, and May 25, 2001.  

At the beginning of that hearing, the trial
court carefully admonished appellant before accepting his pleas of Atrue@ to two of the allegations in the State=s motion to revoke probation. 
The trial court made sure that appellant could read and write, that he
was competent, that he was satisfied with his court-appointed lawyer, and that
appellant understood that:

[I]f I find that that is a free and voluntary
plea, just on those [two allegations] alone, I could revoke your probation, and
I could assess the amount of two years in the State Jail as the maximum
sentence in this case.

 

After appellant said that he understood that
his community supervision could be revoked on the basis of those pleas, the
trial court made sure that no one had threatened appellant or promised him
anything in order to get him to plead Atrue.@ 
Appellant said that he was making the pleas of Atrue@ because he did commit the offense of Afailure to identify,@ and he did fail to report to his community supervision officer as
ordered Aand for no other reason.@  The
court then, after making sure that appellant had never been treated for any
mental problems and that his lawyer had no reason to believe that he was
incompetent or insane, accepted the two pleas of Atrue@ and heard testimony on other allegations in
the amended motion to revoke. 

                                                   Testimony
and Argument of Counsel

After hearing testimony from 10 witnesses for
the State, testimony from appellant and 4 other witnesses who testified for
him, and 1 rebuttal witness for the State, counsel argued in relevant part as
shown:

[DEFENSE COUNSEL]:  So, our position is that [Allegation No. 1 has not been
proved].  It is just simply not there.

 

Allegations Number 2 and 3 have been
abandoned by the State.

 

The next allegation has to do with Pate=s Hardware.

 

                                                             *  *  *

 

The Defendant has, on the witness stand,
affirmatively denied these allegations. 
All of the other circumstances that go with it just really don=t add up to the Defendant having committed
that theft.








The fifth allegation is that he failed to
identify.  The Defendant has admitted
that...but he has explained it in a way.

 

The sixth...seventh...and eighth
allegation[s] deal with these matters about Denese Threet. [The trial court
found that these allegations were Anot true.@]

 

Allegation Number 9 has to do with...using
alcohol.  Again, this is solely from the
mouth of Denese Threet.  In addition to
the inherent incredibility of those allegations because of the source, these
allegations are also denied by the Defendant and further denied by his
Mother....She is a trained nurse, and she has testified unequivocally that the
Defendant was not drinking or using controlled substances, and she is in a
position to know and is able to know if that had been a problem for him.

 

The next allegation, again, Number 10, has to
do with controlled substances.  Denese
Threet obviously has a motivation to hurt the Defendant, to cause him injury
and cause him difficulty.  The
relationship has gone bad, and now she is here to retaliate against him, which
further diminishes her credibility. 
That=s the basis for all of these allegations that
were added at the last minute for the purpose of intimidation only.  

 

Allegation Number 11 has to do with failing
to report, and the Defendant has admitted that and explained that.

 

Allegation Numbers 12, 13, and 14 have to do
with failing to pay.

 

                                                            *   *  
*

 

I would urge the Court in this case, based on
all of the testimony you=ve heard, the totality of the circumstances, weighing the credibility
of all of the witnesses, and the circumstances that exist in each case,
weighing all of those things together, find not true on these allegations that
involve Penal Code violations.

 

We submit that the Court properly should find
true those allegations that the Defendant has admitted.

 

                                                            *   *  
*

 

We would ask the Court to exercise your
discretion [and find that] the ends of justice would be served by releasing
this Defendant back on probation [after serving 120 days in jail as punishment
for the violations which have been proved and admitted]. 

 








[PROSECUTOR]: May it please the Court.  Your Honor, I=ll just address these allegations as they appear in the order. [First],
the evidence was clear that the Defendant knew that he did not have a consent
of the owner of this automobile....There is also testimony from three different
people as to the different stories he gave as to the source of this automobile.

 

[The State announced that it had abandoned
Allegations Numbers 2 and 3.]

 

As to [allegation] 4, the theft concerning
Pate=s Hardware, I think the testimony...is clear
and certainly proved by preponderance of the evidence that this particular
Defendant stole the drill in question.

 

                                                            *   *  
*

 

Now, on the issue of failure to
identify.  Clearly that - - that
particular allegation has been proven beyond a reasonable doubt, let alone by a
preponderance of the evidence.  The
Defendant=s plead to it.  He has admitted it.  

 

                                                            *   *  
*

 

I think the State has proven by a
preponderance of the evidence that the Defendant has done much more than merely
fail to identify himself and fail to report to probation.

 

                                                            *   *  
*

 

In this particular case, because of the long
list of things the Defendant has done and his unwillingness to show any
reformation, we would ask the Court not only to sentence him to two years
confinement in the State Jail, [but also to] deny him any back time that he has
received.  Thank you.  (Emphasis added)

 

                                                The
Trial Court=s
Ruling








The trial court announced its ruling in open
court as soon as the attorneys had completed their closing statements.  The court told appellant, his friends, and
his family that the court knew that the situation was difficult for appellant
and that it was difficult for his family. 
The court then announced that it was finding that the following
allegations were Anot
true@:  (1)
the unauthorized use of a motor vehicle; (6) the aggravated assault of Denese
Threet in May 2000; (7) the aggravated assault of Denese Threet in June 2000;
(8) the aggravated assault of Denese Threet in July 2000; and (10) use of
controlled substances.  The State had
abandoned the following allegations in its motion to revoke: (2) forgery on
November 12, 2000; and (3) forgery on December 2, 2000.  The court announced that it was finding that
the following allegations were Atrue@: (4) theft from Pate=s Hardware on November 19, 2000; (5) failure
to identify on December 17, 2000; (9) consumption of alcohol in May, June, and
July 2000; (11) failure to report to the supervision officers in August,
September, and October, 2000; (12) failure to pay court costs when able to pay;
(13) failure to pay probation fees when able to pay; and (14) failure to pay
restitution when able to pay.

                                                               The
Controlling Law

In proceedings upon a motion to revoke
probation, the trial court is the sole trier of the facts, of the credibility
of witnesses, and of the weight to be given to testimony.  Taylor v. State, 604 S.W.2d 175, 179 (Tex.Cr.App.1980).
 An appellate court must view the
evidence presented at a revocation proceeding in the light most favorable to
the trial court=s ruling. 
Garrett v. State, 619 S.W.2d 172, 174 (Tex.Cr.App.1981).  The Aonly issue@
presented on an appeal from an order revoking probation is Awhether the trial court abused its discretion@ in revoking probation; the standard of proof
for reviewing the evidence is Apreponderance of the evidence,@ not beyond a reasonable doubt. 
Lloyd v. State, 574 S.W.2d 159, 160 (Tex.Cr.App.1978).

                                                                This
Court=s Ruling

There was evidence that appellant was guilty
of theft from Pate=s
Hardware, and the trial court was authorized to resolve the conflicts in the
testimony.  Issue No. 1 is
overruled.  As noted above, Rule 47.1
provides that we need not discuss the other issues because they are not  Anecessary to final disposition of the appeal.@ 
Appellant has not shown that the trial court abused its discretion by
revoking his community supervision.

The judgment of the trial court is affirmed.

 

May
9, 2002                                                                            BOB
DICKENSON

Do not publish.  See TEX.R.APP.P. 47.3(b).                SENIOR
JUSTICE

Panel consists of:  Arnot, C.J.,
and

McCall, J., and Dickenson, S.J.[2]











[1]Appellant argues in those issues that:  (2) the Afailure
to identify@ was a minor offense, and the trial court abused its
discretion in revoking probation on the basis of this allegation; (3)  the trial court should not have found Atrue@ on the
allegation that he used alcohol because the evidence came from a source that
the court had determined was not credible; (4) he Aadequately explained@ his
failure to report, and the court abused its discretion in revoking probation on
this allegation; and (5) the trial court should not have found Atrue@ on Allegations
12, 13, and 14 because he had Asustained his
burden of proof@ on the affirmative defense of inability to pay.





[2]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.