COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 RODRICK CORTEZ
 ARMSTRONG,
  
                             Appellant,
  
 v.
  
 THE STATE OF
 TEXAS,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-02-00030-CR
  
 Appeal from the
  
 204th District Court
  
 of Dallas County, Texas 
  
 (TC# F-0139329-JQ) 
  
 
 


MEMORANDUM OPINION

 

Rodrick Cortez Armstrong appeals from
the revocation of his community service. 
After pleading true to eight of the nine allegations in a motion to
revoke probation, the trial court set punishment at three years in the
Institutional Division of the Texas Department of Criminal Justice.  We affirm.

Facts








Armstrong pleaded guilty to the
felony offense of assault with bodily injury on a household or family member
with a prior conviction for family assault on August 28, 2001.  He received an initial sentence of three
years= confinement with a $500 fine.  The imposition of the period of confinement
was suspended and Armstrong was placed on community supervision for four years.

Less than three months later, on
November 16, 2001, Armstrong appeared before the trial court on a motion to
revoke his probation which alleged the following violations of the terms of
community supervision:

(a)               
On or about OCTOBER 10, 2001 in the County of Dallas
and State of Texas; RODRICK CORTEZ ARMSTRONG (A.K.A. Rodrick Armstrong) did
then and there intentionally, knowingly and recklessly cause bodily injury to
DANA HENRY, by knocking her down and choking her.

(d)        The defendant did not report to the
probation officer as directed for the month of SEPTEMBER, 2001.

(g)        The defendant failed to get permission
from his officer before leaving Dallas County.

(h)        The defendant has failed to pay Court
cost and/or fine as directed and is currently delinquent $927.00.

(j)         The defendant has failed to pay
probation fees as directed and is currently delinquent $120.00.

(l)         The defendant failed to reprot (sic)
for the C.A.T.S. evaluation as directed.

(m)       The defendant has failed to perform
Community Service Hours as directed.

(o)        The defendant has failed to pay
restitution as directed and is currently delinquent $120.00.

(r)        The defendant as (sic) failed to
participate in counseling through T.D.C. as ordered by the court.

 








Armstrong pleaded true to all but
the first allegation.  He testified that
he called the probation officer and said he would be late in September, and she
agreed to let him report in October.  He
also acknowledged leaving Dallas County for neighboring Ellis County to help
his grandmother.  When asked about the
incident, he admitted that he knew he was supposed to get permission to leave
Dallas County and that he did not because he was Afoolish.@ 
He also admitted he never attended a counseling meeting as required.

There was some
evidence that originally the Probation Department offered to continue Armstrong=s probation with an added condition of
ninety days=
confinement, but that offer was withdrawn after Armstrong threatened a
bailiff.  There is no evidence other than
the questions of the prosecutor that this threat took place.  The bailiff did not testify to the fact, nor
did any other witness.  Armstrong denied
making the threat, and explained that he was joking around with the bailiff and
was using words that may have been misinterpreted.  By the time of the hearing, the purported
deal was off the table and the State was seeking full revocation and imposition
of the original sentence of three years=
confinement.

After hearing the
evidence, the judge found the allegations in the motion to revoke true beyond a
reasonable doubt, revoked the probation, and sentenced Armstrong to three years= confinement.

The trial court
did not abuse its discretion when it revoked

 Armstrong=s
community supervision








Armstrong=s first issue for review claims that
the trial court abused its discretion in revoking his probation.  Appellant=s
brief is filled with presentation of Avery
plausible explanations regarding his failure to comply with the various
probation conditions,@
inability to pay, and Ainflammatory
questioning of the appellant regarding his alleged threat to cut the bailiff of
the court.@  Appellant, however, does not challenge the
fairness of the proceeding or that the trial court should have enforced the
purported original plan to continue probation with ninety days= confinement as part of the probation;
rather, he challenges the decision to revoke community supervision by the
judge, claiming the decision to do so is an abuse of discretion.

Standard
of review

The only question
presented in an appeal from an order revoking probation is whether the trial
court abused its discretion in revoking the defendant=s
probation.  Lloyd v. State, 574
S.W.2d 159, 160 (Tex. Crim. App. 1978).  A trial court abuses its discretion if it acts
without reference to guiding rules or principles.  Menchaca v. State, 901 S.W.2d 640, 647
(Tex. App.--El Paso 1995, pet. ref=d).  The standard of proof in a revocation is a
preponderance of evidence.  Lloyd,
574 S.W.2d at 160; Becker v. State, 33 S.W.3d 64, 66 (Tex. App.--El Paso
2000, no pet.).  Proof of any one of the
alleged violations is sufficient to support the order revoking probation.  Moses v. State, 590 S.W.2d 469, 470
(Tex. Crim. App. 1979).  If there is some
evidence to support the finding of even a single violation, the order must be
upheld.  Becker, 33 S.W.3d at
66-67.

Plea
of true precludes abuse of discretion








Even with the
explanations and the promises of Armstrong to more closely adhere to the
conditions of his probation, the plea of true to any of the allegations
precludes this Court from finding an abuse of discretion by the trial judge in
his decision to revoke the community supervision of Armstrong.  This possibility was clearly stated on the
conditions of probation form signed by Armstrong on August 28, 2001.  Armstrong knew this when he pleaded true to
the alleged violations on November 16, 2001. 
For this reason, the first issue for review is overruled.

The assistance of
counsel that 

Armstrong received
was not clearly ineffective

 

Armstrong=s second issue for review is that he
was not afforded effective assistance of counsel in his hearing on the
revocation of community supervision. 
Specifically, he urges that failure of counsel to object to questioning
concerning the alleged threat to the bailiff is proof of ineffective assistance
of counsel.

Standard
of review








Texas courts
adhere to the United States Supreme Court=s
two-pronged Strickland test to determine whether counsel=s representation was inadequate so as
to violate a defendant=s
Sixth Amendment right to counsel.  Strickland
v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez
v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986).  First, the defendant must show that his
counsel=s
performance fell below an objective standard of reasonableness.  McFarland v. State, 928 S.W.2d 482,
500 (Tex. Crim. App. 1996), cert. denied, 519 U.S. 1119, 117 S.Ct. 966,
136 L.Ed.2d 851 (1997).  Second, assuming
the defendant has demonstrated deficient assistance, it is necessary to
affirmatively prove prejudice.  Id.  In other words, appellant must show a
reasonable probability that, but for counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Thompson v. State, 9
S.W.3d 808, 812 (Tex. Crim. App. 1999). 
A reasonable probability is a probability sufficient to undermine
confidence in the outcome.  Id.
(citing Hernandez, 726 S.W.2d at 55).

Armstrong
does not meet Strickland test

Armstrong=s brief does not undertake even the
first Strickland step to constructing an argument as required in the
controlling cases mentioned above.  He
appears to argue a per se rule that failure to object to the admission
of evidence of an extraneous offense is ineffective assistance of counsel.  See Glivens v. State, 918 S.W.2d 30
(Tex. App.--Houston [1st Dist.] 1996, pet. ref=d).  He fails, however, to note the Williams case
explaining how the basis of the decision in Glivens has been superceded
by statute in Texas.  Williams v.
State, 958 S.W.2d 844, 846 (Tex. App.--Houston [14th Dist.] 1997, pet. ref=d). 
Prior to September 1, 1993, Texas law did not allow the admission of unadjudicated,
extraneous offenses at the punishment phase of noncapital cases.  Id. 
The offense in Glivens was committed prior to that date.  Id. 
The Texas Code of Criminal Procedure article 37.07, section 3(a) was
amended to allow admission of unadjudicated extraneous offenses in matters
concerning the commission of offenses after that date.  Id. 
Appellant offers nothing more in his argument to even suggest
ineffective assistance of counsel.








The record,
although showing the episode mentioned by counsel, does not reveal any obvious
or egregious error on the part of defendant=s
counsel at trial.  In fact, it shows that
Armstrong used the floor to explain the interactions between himself and the
bailiff, a decision that may be considered wise by his counsel.  Therefore, the second issue for review is
overruled without prejudice to Armstrong=s
ability to dispute counsel=s
effectiveness collaterally.

Conclusion

For the foregoing
reasons, the judgment of the trial court is affirmed.

 

SUSAN LARSEN, Justice

January 16, 2003

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.

 

(Do Not Publish)