NO. 12-05-00030-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
TONI D. KALE,                                                  §                 APPEAL FROM THE 
APPELLANT
 
V.                                                                         §                 COUNTY COURT AT LAW #2

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Toni Kale appeals the trial court’s order revoking her community supervision, following
which she was sentenced to confinement for one hundred seventy days. Appellant raises one issue
on appeal. We affirm.
 
Background
            Appellant pleaded guilty to the offense of theft by check. The trial court sentenced Appellant
to confinement for one hundred eighty days, but probated the sentence and placed Appellant on
community supervision for eighteen months. The court further imposed a $2,000.00 fine and
ordered Appellant to pay $1,423.28 in restitution. The amount of restitution was subsequently
increased to $2,530.91, but was later reduced to $1,620.23. On March 8, 2002, Appellant’s
community supervision term was extended until March 7, 2005.
            On February 26, 2004, Appellant testified before a Smith County Grand Jury concerning the
investigation of the death of Edward Erwin. Thereafter, the State filed a motion to revoke
Appellant’s community supervision. In its motion, the State alleged that Appellant violated the
terms of her community supervision in that she (1) failed to obey the law because she observed the
commission of a felony under circumstances where a reasonable person would have believed that
an offense had been committed and in which serious bodily injury or death may have resulted, and
(2) she failed to timely pay a forty dollar per month supervision fee to the Smith County Community
Supervision and Corrections Department for October 2004.
            Appellant filed a motion to suppress her grand jury testimony contending that she did not
intelligently, knowingly, or voluntarily waive her rights prior to testifying. The trial court conducted
a hearing on Appellant’s motion to suppress on January 19, 2005. After the hearing, the trial court
denied Appellant’s motion.
            Thereafter, the trial court conducted a hearing on the State’s motion to revoke. Appellant
pleaded “true” to both allegations in the State’s motion. Ultimately, the trial court found the
allegations in the State’s motion to be “true,” revoked Appellant’s community supervision, and
sentenced Appellant to confinement for one hundred seventy days. This appeal followed.
 
Probation Revocation
            In her sole issue, Appellant contends that the trial court erred in denying her motion to
suppress. The only question presented in an appeal from an order revoking probation is whether the
trial court abused its discretion in revoking the defendant’s probation. See Lloyd v. State, 574
S.W.2d 159, 160 (Tex. Crim. App. [Panel Op.] 1978). The standard of proof in a revocation
proceeding is a preponderance of the evidence. Id. In order to satisfy its burden of proof, the State
must prove that the greater weight of the credible evidence before the trial court creates a reasonable
belief that a condition of community supervision has been violated as alleged in the motion to
revoke. See Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). In the instant case,
Appellant pleaded “true” to each of the State’s allegations. A plea of true to any one of the alleged
violations contained in a motion to revoke is sufficient to support the trial court's order revoking
probation. Moore v. State, 11 S.W.3d 495, 498 n. 1 (Tex. App.–Houston [14th Dist.] 2000, no pet.). 
Once a plea of true has been entered, a defendant may not challenge the sufficiency of the evidence
to support the subsequent revocation. Id. (citing Rincon v. State, 615 S.W.2d 746, 747 (Tex. Crim.
App. [Panel Op.] 1981); Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979);
Hays v. State, 933 S.W.2d 659, 661 (Tex. App.–San Antonio 1996, no pet.)). Therefore, since
Appellant pleaded “true” to the State’s allegations, she may not challenge the sufficiency of the
evidence to support the trial court’s revocation of her community supervision. We hold that the trial
court did not abuse its discretion in revoking Appellant’s community supervision.
            We iterate that a plea of true to any one of the alleged violations contained in a motion to
revoke is sufficient to support the trial court's order revoking probation. See Moore, 11 S.W.3d at
498 n. 1. Since Appellant pleaded “true” to the State’s allegation that she failed to timely pay a forty
dollar per month supervision fee to the Smith County Community Supervision and Corrections
Department for October 2004, the trial court’s revocation of her community supervision is
sustainable on that ground alone. Thus, Appellant’s grand jury testimony has no bearing on the
pertinent question of whether or not the trial court abused its discretion. See Lloyd, 574 S.W.2d at
160; Barrett v. State, 12-03-00192-CR, 2004 WL 368961, at *2 (Tex. App.–Tyler February 27,
2004, pet. dism’d, untimely filed) (not released for publication) (court declined to address issue
related to objection to hearsay testimony contained in exhibits because the evidence was sufficient
to support the trial court's revocation of community supervision independent of the exhibits to which
the appellant objected). As such, we need not address Appellant’s sole issue. See Lloyd, 574
S.W.2d at 160. Appellant’s sole issue is overruled.
 
Disposition
Having overruled Appellant’s sole issue, we affirm the trial court’s judgment.
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
Opinion delivered October 31, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


(DO NOT PUBLISH)