# NO. 12-08-00038-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SAMUEL LEE WARD,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Samuel Lee Ward appeals the revocation of his community supervision following his conviction for felony theft by check. Appellant was sentenced to imprisonment for two years and fined five thousand dollars. In one issue, Appellant argues that the evidence is insufficient to support the trial court's revocation of his community supervision. We affirm.

### BACKGROUND

Appellant was charged by indictment with felony theft by check[1] and pleaded "guilty." The matter proceeded to the punishment phase, following which the trial court found Appellant "guilty" as charged and assessed his punishment at imprisonment for two years, probated for five years.

---

[1] The indictment contains three separate allegations that Appellant acquired merchandise by issuing or passing checks when he did not have sufficient funds on deposit with the bank for payment in full of the checks. The indictment further alleges that Appellant obtained the merchandise pursuant to one scheme and continuing course of conduct and that the aggregate amount of the merchandise stolen was between twenty and five hundred dollars. *See* TEX. PENAL CODE ANN. §§ 31.03, 31.06 (Vernon Supp. 2008); ***Richie v. State***, 721 S.W.2d 560, 562 (Tex. App.–Beaumont 1986, no pet.).

On November 30, 2007, the State filed a motion to revoke Appellant's community supervision. In its motion, the State alleged that Appellant had violated multiple terms and conditions of his community supervision. Specifically, the State alleged, among other things, that Appellant failed to report as directed by the supervision officer for the month of September 2007.

The trial court conducted a hearing on the State's motion on December 21, 2007. At the hearing, Appellant pleaded "true" to the State's allegation concerning his failure to report, but pleaded "not true" to other allegations. The trial court found that Appellant had violated multiple terms and conditions of his community supervision as alleged including the State's allegation concerning Appellant's failure to report. The trial court revoked Appellant's community supervision and sentenced Appellant to imprisonment for two years. The trial court also imposed on Appellant a five thousand dollar fine. This appeal followed.

## EVIDENTIARY SUFFICIENCY TO SUPPORT REVOCATION OF COMMUNITY SUPERVISION

In his sole issue, Appellant contends that the trial court erred in revoking his community supervision because the evidence is insufficient to support the revocation. The only question presented in an appeal from an order revoking community supervision is whether the trial court abused its discretion in revoking the defendant's community supervision. *See Lloyd v. State*, 574 S.W.2d 159, 160 (Tex. Crim. App. [Panel Op.] 1978). The standard of proof in a revocation proceeding is a preponderance of the evidence. *Id.* In order to satisfy its burden of proof, the State must prove that the greater weight of the credible evidence before the trial court creates a reasonable belief that a condition of community supervision has been violated as alleged in the motion to revoke. *See Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).

In the instant case, Appellant pleaded "true" to the State's allegation concerning his failure to report. A plea of true to any one of the alleged violations contained in a motion to revoke is sufficient to support the trial court's order revoking community supervision. *See Moore v. State*, 11 S.W.3d 495, 498 n.1 (Tex. App.–Houston [14th Dist.] 2000, no pet.). Once a plea of "true" has been entered, a defendant may not challenge the sufficiency of the evidence to support the subsequent revocation. *Id.* (citing *Rincon v. State*, 615 S.W.2d 746, 747 (Tex. Crim. App. [Panel Op.] 1981);

2

*Cole v. State,* 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Hays v. State,* 933 S.W.2d 659, 661 (Tex. App.–San Antonio 1996, no pet.)).  Therefore, since Appellant pleaded "true" to the State's allegation concerning his failure to report, he may not challenge the sufficiency of the evidence to support the trial court's revocation of his community supervision.  We hold that the trial court did not abuse its discretion in revoking Appellant's community supervision.  Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's order revoking Appellant's community supervision.

SAM GRIFFITH
Justice

Opinion delivered November 26, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3