# NOS. 12-09-00242-CR
# 12-09-00243-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PATRICK DAVIS,*<br>*APPELLANT* | § | *APPEAL FROM THE 420TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Patrick Davis appeals his convictions for burglary of a habitation and aggravated assault following the trial court's revocation of his deferred adjudication community supervision. The trial court sentenced Appellant to imprisonment for seventeen years for each conviction. In one issue, Appellant argues that there is insufficient evidence to sustain these underlying convictions. We dismiss for want of jurisdiction in part and affirm in part.

### BACKGROUND

Appellant was charged by separate indictments with burglary of a habitation and aggravated assault. Appellant pleaded "guilty" as charged on each count, stipulated to evidence, and judicially confessed to the commission of the charged offenses. The trial court deferred finding Appellant "guilty" and placed Appellant on community supervision for ten years in each cause.

On April 27, 2009, the State filed amended motions to proceed to adjudication in each cause, alleging in each that Appellant had violated certain terms and conditions of his community supervision. On May 4, 2009, the trial court conducted a hearing on the State's motions. At the

hearing, Appellant pleaded "true" to the allegation in each of the State's motions that he failed to report to Nacogdoches County, Texas, "CSCD" in person for the month of February 2009. Following the presentation of evidence, the trial court found that Appellant had violated certain terms and conditions of his community supervision as alleged in the State's motions, revoked Appellant's community supervision in each cause, and adjudicated Appellant guilty of burglary of a habitation and aggravated assault. The trial court subsequently conducted a punishment hearing, after which it sentenced Appellant to imprisonment for seventeen years for each offense. This appeal followed.

## APPEAL OF UNDERLYING OFFENSES FOLLOWING REVOCATION OF DEFERRED ADJUDICATION COMMUNITY SUPERVISION

In his sole issue, Appellant argues that the State failed to adduce evidence at the revocation hearing to support Appellant's conviction for burglary of a habitation and aggravated assault. Thus, Appellant contends, his guilty plea was not sufficient to support his underlying convictions, thereby rendering the trial court's judgments void.

The only question presented in an appeal from an order revoking community supervision is whether the trial court abused its discretion in revoking the defendant's community supervision. *See Lloyd v. State*, 574 S.W.2d 159, 160 (Tex. Crim. App. [Panel Op.] 1978). A complaint about the sufficiency of the evidence to support a conviction must be brought after the trial court's decision to defer adjudication of guilt and not after a subsequent revocation of community supervision and adjudication of guilt. *See Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999) (defendant placed on deferred adjudication community supervision may raise issues relating to original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision first imposed); *see also Armstead v. State*, 2010 WL 1215066, at *2 (Tex. App.–Tyler Mar. 30, 2010, no pet.) (mem. op., not designated for publication). Here, the trial court deferred adjudication in each cause on November 20, 2008. Appellant did not bring this appeal until after his community supervision was revoked and the trial court adjudicated him "guilty" in May 2009. Accordingly, the appeal of this issue is untimely, and we are without jurisdiction to consider it.

Yet, Appellant argues that a judgment can be void if the record reflects that there is a complete lack of evidence to support the conviction. *See Nix v. State*, 65 S.W.3d 664, 668 (Tex.

Crim. App. 2001). However, a guilty plea, such as Appellant entered in each underlying cause, is some evidence to support the conviction. *See id.* at 668 n.14; ***Armstead***, 2010 WL 1215066, at *2. Accordingly, we hold that Appellant's convictions are not void for lack of evidence. Appellant's sole issue is overruled.

### DISPOSITION

We ***dismiss*** for lack of jurisdiction Appellant's arguments that there was insufficient evidence to support his conviction. With respect to Appellant's arguments that his convictions are void, we ***affirm*** the convictions.

**BRIAN HOYLE**
Justice

Opinion delivered July 14, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)