NOS.
12-09-00242-CR

     
12-09-00243-CR

      

                         IN THE COURT OF
APPEALS         

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

PATRICK DAVIS,                                             '           APPEAL FROM THE 420TH

APPELLANT

 

V.                                            
'         JUDICIAL DISTRICT COURT
OF

 

THE STATE OF TEXAS,

APPELLEE                                  
'        NACOGDOCHES COUNTY, TEXAS

                                                        
                                         

                                                      MEMORANDUM
OPINION

            Patrick
Davis appeals his convictions for burglary of a habitation and aggravated
assault following the trial court’s revocation of his deferred adjudication
community supervision.  The trial court sentenced Appellant to imprisonment for
seventeen years for each conviction.  In one issue, Appellant argues that there
is insufficient evidence to sustain these underlying convictions.  We dismiss
for want of jurisdiction in part and affirm in part.

 

Background

            Appellant
was charged by separate indictments with burglary of a habitation and
aggravated assault.  Appellant pleaded “guilty” as charged on each count,
stipulated to evidence, and judicially confessed to the commission of the
charged offenses.  The trial court deferred finding Appellant “guilty” and
placed Appellant on community supervision for ten years in each cause.  

On
April 27, 2009, the State filed amended motions to proceed to adjudication in
each cause, alleging in each that Appellant had violated certain terms and
conditions of his community supervision.  On May 4, 2009, the trial court
conducted a hearing on the State’s motions.  At the hearing, Appellant pleaded
“true” to the allegation in each of the State’s motions that he failed to
report to Nacogdoches County, Texas, “CSCD” in person for the month of February
2009.  Following the presentation of evidence, the trial court found that
Appellant had violated certain terms and conditions of his community
supervision as alleged in the State’s motions, revoked Appellant’s community
supervision in each cause, and adjudicated Appellant guilty of burglary of a
habitation and aggravated assault.  The trial court subsequently conducted a
punishment hearing, after which it sentenced Appellant to imprisonment for
seventeen years for each offense.  This appeal followed.

 

Appeal
of Underlying Offenses Following 

Revocation
of Deferred Adjudication Community Supervision

In
his sole issue, Appellant argues that the State failed to adduce evidence at
the revocation hearing to support Appellant’s conviction for burglary of a habitation
and aggravated assault.  Thus, Appellant contends, his guilty plea was not
sufficient to support his underlying convictions, thereby rendering the trial
court’s judgments void.  

The
only question presented in an appeal from an order revoking community
supervision is whether the trial court abused its discretion in revoking the
defendant’s community supervision.  See Lloyd v. State, 574
S.W.2d 159, 160 (Tex. Crim. App. [Panel Op.] 1978).  A complaint about the
sufficiency of the evidence to support a conviction must be brought after the
trial court’s decision to defer adjudication of guilt and not after a
subsequent revocation of community supervision and adjudication of guilt.  See
Manuel v. State, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999)
(defendant placed on deferred adjudication community supervision may raise
issues relating to original plea proceeding, such as evidentiary sufficiency,
only in appeals taken when deferred adjudication community supervision first
imposed); see also Armstead v. State, 2010 WL 1215066, at *2
(Tex. App.–Tyler Mar. 30, 2010, no pet.) (mem. op., not designated for
publication).  Here, the trial court deferred adjudication in each cause on
November 20, 2008.  Appellant did not bring this appeal until after his
community supervision was revoked and the trial court adjudicated him “guilty”
in May 2009.  Accordingly, the appeal of this issue is untimely, and we are
without jurisdiction to consider it.

Yet,
Appellant argues that a judgment can be void if the record reflects that there
is a complete lack of evidence to support the conviction.  See Nix
v. State, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001).  However, a guilty
plea, such as Appellant entered in each underlying cause, is some evidence to
support the conviction.  See id. at 668 n.14; Armstead,
2010 WL 1215066, at *2.  Accordingly, we hold that Appellant’s convictions are
not void for lack of evidence.  Appellant’s sole issue is overruled.

 

Disposition

            We
dismiss for lack of jurisdiction Appellant’s arguments that there
was insufficient evidence to support his conviction.  With respect to
Appellant’s arguments that his convictions are void, we affirm the
convictions.

 

 

                                                                                                Brian Hoyle

                                                                                                    
Justice

 

 

 

Opinion
delivered July 14, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)