**Earl Lee JOHNSON, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–98–472–CR.**

Court of Appeals of Texas,
Fort Worth.

Sept. 9, 1999.

---

Steven G. King, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Chuck Mallin, Chief of Appellate Division, John A. Stride, Asst. Dist. Atty., Fort Worth, for appellee.

PANEL B: LIVINGSTON, BRIGHAM, and HOLMAN, JJ.

## OPINION

WILLIAM BRIGHAM, Justice.

Appellant Earl Lee Johnson appeals the trial court's judgment revoking his community supervision. In a single point, he contends the evidence is legally and factually insufficient to support the revocation. For the following reasons, we affirm.

### BACKGROUND

On February 16, 1994, Appellant pleaded guilty to the offense of assault causing bodily injury to a family member, with two prior convictions for the same offense. The trial court adjudicated Appellant guilty, imposed punishment of six years' confinement plus a $500 fine, and ordered the imposition of sentence suspended and placed Appellant on community supervision for six years.

On June 23, 1998, the State filed its second petition for revocation, alleging that Appellant violated the terms and conditions of his probation by committing an assault causing bodily injury to Tina Gilbert, a family member, by hitting her and choking her with his hand, and by failing to report to his community supervision officer during April 1998. Appellant pleaded "not true" to both allegations. On September 25, 1998 after hearing evidence, the trial court found the allegation of failure to report not true. The trial court further found the allegation of assault causing bodily injury true, but found that the family member element was not proved. Appellant's community supervision was revoked, and Appellant was sentenced to six years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant gave notice of appeal on September 25, 1998, and then filed a Motion for New Trial on October 22, 1998, which was deemed denied by operation of law.

### REVOCATION OF COMMUNITY SUPERVISION

■ The State's burden of proof in a revocation proceeding is by a preponder-

ance of the evidence. *See Cobb v. State,* 851 S.W.2d 871, 873 (Tex.Crim.App.1993). "Preponderance of the evidence" is the greater weight and degree of credible testimony. *See Compton v. Elliott,* 126 Tex. 232, 88 S.W.2d 91, 95 (1935). Where the legal sufficiency of the evidence to support the trial court's order is challenged, we review the evidence in a light most favorable to the trial court's findings. *See Jackson v. State,* 645 S.W.2d 303, 304 (Tex. Crim.App.1983). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *See Garrett v. State,* 619 S.W.2d 172, 174 (Tex.Crim.App. [Panel Op.] 1981); *Montoya v. State,* 832 S.W.2d 138, 140 (Tex. App.—Fort Worth 1992, no pet.).

■ Appellate review of an order revoking community supervision is limited to a determination of whether the trial court abused its discretion. *See Jackson,* 645 S.W.2d at 305. Where the State has failed to meet its burden of proof, the trial court abuses its discretion in issuing an order to revoke community supervision. *See Cardona v. State,* 665 S.W.2d 492, 493–94 (Tex.Crim.App.1984).

■ Although the Court of Criminal Appeals has not reached the issue, several courts of appeals have either impliedly or expressly found that factual sufficiency review is not available in community supervision revocation proceedings. *See Johnson v. State,* 943 S.W.2d 83, 85 (Tex.App.— Houston [1st Dist.] 1997, no pet.) (declining to conduct a factual sufficiency analysis under the *Clewis* standard); *Brumbalow v. State,* 933 S.W.2d 298, 300 (Tex.App.— Waco 1996, pet. ref'd) (declining to extend *Clewis* to ancillary rulings); *Freeman v. State,* 917 S.W.2d 512, 514 (Tex.App.— Fort Worth 1996, no pet.) (noting that appellate review of an order revoking probation is limited to a determination of whether the trial court abused its discretion). Therefore, we will view the evidence in a light most favorable to the order revoking community supervision.

### DISCUSSION

■ In this case, the State was required to prove by a preponderance of the evidence that Appellant intentionally or knowingly caused bodily injury to Gilbert. *See* TEX. PENAL CODE ANN. § 22.01 (Vernon 1994). The evidence, viewed in a light most favorable to the revocation order, is as follows.

Officer Brad Blackmon, who has been trained to investigate domestic violence and has on many occasions responded to domestic situations, testified that after midnight on May 17, 1998, he responded to a domestic disturbance call at an apartment in Tarrant County. His backup, Officer Stephanie Gillespie, arrived at the same time and began searching the area for a suspect that had been described by dispatch as a black male with no shirt. Blackmon approached the victim and observed her trembling and crying. A small child was the only other person inside the apartment. Blackmon asked Gilbert what happened, and she stated that she had been hit with a fist and that the assailant had just left.[1] She pointed to her face, where Blackmon observed red puffy marks under her eye and on her cheek indicative of blunt force.

Gillespie notified Blackmon that she had located a black male with no shirt about 500 yards south of the apartment. Blackmon joined Gillespie and the suspect on a grassy area of the property. The suspect appeared disturbed, and his eyes were glassy and bloodshot. Both officers observed fresh, defensive-type injuries on his chin, neck, and chest. They escorted him back to the outside of the apartment, where the suspect indicated he lived, and Blackmon went back in to speak with Gil-

---

1. Appellant's objections to this testimony by Blackmon on grounds of hearsay were ultimately overruled.

**688**

bert. Blackmon was then able to make a positive identification of Appellant.

Gilbert was still visibly shaking and unable to control her emotions. Blackmon had a difficult time understanding her because she was so upset. She told Blackmon that her boyfriend had assaulted her. Blackmon noticed red finger marks around her neck, consistent with someone having choked her.

It appeared that both Gilbert and Appellant had been drinking but, in Blackmon's opinion, were not intoxicated. Gillespie had to complete the family violence statement for Gilbert, because she was so upset she could not write. Both officers positively identified Appellant in the courtroom as the suspect they had encountered at the apartment.

Before the State rested, Ray Courtney, an investigator for the Tarrant County District Attorney's Office, testified that he had made several unsuccessful attempts to locate the victim, Gilbert, to serve her with a subpoena. The defense did not put on any witnesses.

After having reviewed the evidence, we hold that the officers' testimony was sufficient for the trial court, as the sole judge of the credibility of the witnesses, to have found by a preponderance of evidence that Appellant violated his probation by assaulting Gilbert. Thus, the trial court did not abuse its discretion in revoking Appellant's probation based on this allegation. We overrule Appellant's point.

### CONCLUSION

Having overruled Appellant's only point, we affirm the trial court's judgment.