COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

SAUL CARRASCO LARA,                                 )

                                                                              )              
No.  08-01-00356-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                 
70th District Court

THE STATE OF TEXAS,                                     )

                                                                              )             
of Ector County, Texas

Appellee.                           )

                                                                              )                   (TC# A-25,684)

                                                                              )

 

 

O
P I N I O N

 

This is an appeal
from a revocation of community supervision. 
The single issue is whether the trial court abused his discretion
because the evidence is legally insufficient to support the revocation.  We reverse and remand.

In September 1997,
Appellant pled guilty to possession of cocaine; he was placed on 10 years= community supervision.  In May 2001, the State moved to revoke
Appellant=s
community service.  The single allegation
was that:

On or about 1-22-01, in Ector County,
Texas, Saul Carrasco Lara did commit an offense against the laws of the State
of Texas; to wit:  Aggravated Sexual
Assault.  This is a violation of Rule (a)
of the defendant=s terms
and conditions of Community Supervision.

 








At the revocation
hearing, the alleged victim of the assault, D.E., testified that he was
thirteen years old when he first met Appellant on April 4, 2000.  D.E. was on spring break from school and
visiting his grandmother in Odessa, Texas. 
Appellant lived in the same apartment complex and invited D.E. into his
apartment to watch television.  D.E.
testified:

Q:        So you went to his apartment to watch
TV?

 

A:         Yes, ma=am.

 

Q:        How long were you there?

 

A:         About 30 minutes.

 

Q:        Anything happen wihile you were there?

 

A:         Yes, Ma=am.

 

Q:        What happened?

 

A:         He came and sat next to me on his other
couch that I was sitting on from across the room and he just started touching
my leg.

 

Q:        How was he touching your leg?

 

A:         Just rubbing it.

 

Q:        With his hand?

 

A:         Yes, ma=am.

 

Q:        Was this over your clothes or under your
clothes?

 

A:         Over.

 

Q:        Okay. 
Did anything else happen?

 

A:         Yes, ma=am.

 

Q:        Can you tell us what happened?

 

A:         He told me to unzip my pants and take
them off.

 

Q:        Did you do that?

 








A:         I don=t
remember. 

 

Q:        Okay. Anything else?

 

A:         No. 
I think I left after that.

 

Q:        You left after that?

 

A:         Uh-huh.

 

Q:        How long were you in Odessa at that
time?

 

A:         Just a week.

 

Q:        And did you see Mr. Lara again that week
while you were in Odessa?

 

A:         No, ma=am.


 

D.E. turned
fourteen years old in July 2000, and he did not see Appellant again until
September 2000, when D.E. moved to Odessa to live with his father.  About a week after arriving in Odessa, D.E.
went to Appellant=s
apartment.  D.E. asked Appellant to buy
him some wine and D.E. got drunk. 
Appellant then had D.E. remove his pants and performed oral sex on the
boy.  These activities continued
frequently until mid-December 2000.  

We review an order
revoking community supervision by determining whether the court abused its
discretion.  Cardona v. State, 665
S.W.2d 492, 493 (Tex.Crim.App. 1984).  If
the State fails to meet its burden of proof, the trial court abuses its
discretion in issuing a revocation order. 
Greathouse v. State, 33 S.W.3d 455, 458 (Tex.App.--Houston [1st
Dist.] 2000, pet. ref=d).

The State bears the burden to
establish the alleged violations of the trial court=s
order by a preponderance of the evidence.  Cobb v. State, 851 S.W.2d 871, 873
(Tex.Crim.App. 1993); Becker v. State, 33 S.W.3d 64, 66 (Tex.App.--El
Paso 2000, no pet.).








It is the trial
court=s duty to
determine whether the allegations in the revocation motion are true.  See Langford v. State, 578 S.W.2d 737,
739 (Tex.Crim.App. 1979).  In making this
determination, the trial court is the sole trier of facts, and the judge of the
credibility of the witnesses, and the weight to be given the testimony.  Taylor v. State, 604 S.W.2d 175, 179
(Tex.Crim.App. [Panel Op.] 1980); Johnson v. State, 2 S.W.3d 685, 687
(Tex.App.--Fort Worth 1999, no pet.). 
One ground for revocation, if proven, is sufficient to revoke a
defendant=s
community supervision.  Moore v. State,
605 S.W.2d 924, 926 (Tex.Crim.App. 1980).

On review, the
appellate court examines the record in the light most favorable to the trial
judge=s ruling
to determine whether the State established by a preponderance of the evidence
that the defendant violated the terms and conditions of community supervision
as alleged.  See Jackson v. State,
645 S.W.2d 303, 304 (Tex.Crim.App. 1983); Johnson, 2 S.W.3d at 687.  If there is some evidence to support the
finding of even a single violation, the order must be upheld.  See Becker, 33 S.W.3d at 66‑7.

The record before
this Court reveals at least two violations of Appellant=s
conditions of community supervision, but for reasons known only to the State,
the only violation charged was aggravated sexual assault.  The State could have charged the lesser
included offense of sexual assault, Tex.Pen.Code
Ann. ' 22.011
(Vernon 2003); it could have charged that Appellant possessed an Aintoxicating beverage@ in violation of Rule (j) of the terms
and conditions of his community supervision.

The elements of
the alleged crime, aggravated sexual assault, that the State had to prove by a
preponderance of the evidence are that Appellant (1) intentionally or
knowingly, (2) caused the sexual organ of a child to contact or penetrate the
mouth, anus, or sexual organ of another person including the actor, and (3) the
victim is younger than fourteen years of age.








The evidence is
clear that D.E. was less than fourteen years of age when he first met
Appellant.  There is, however, no
evidence that there was any illegal sexual contact at the time.  The illegal sexual contacts began in
September, and by then the victim was not younger than fourteen years of
age.  The State argues that evidence is
sufficient because:  (1) the Acontinuing predation conduct started
when [the victim] was 13;@
and (2) it can be inferred that the victim actually took his pants off in April
2000 even though he could not remember what he did after Appellant asked him to
unzip and take off his pants.  We find
both arguments wholly unpersuasive.

As noted above,
the State=s burden
of proof in a revocation proceeding is by a preponderance of the evidence.  See Cobb, 851 S.W.2d at 873.  APreponderance
of the evidence@ is the
greater weight and degree of credible testimony.  Johnson, 2 S.W.3d at 687, citing
Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 95 (1935).  Where the legal sufficiency of the evidence
to support the trial court=s
order is challenged, we review the evidence in a light most favorable to the
trial court=s
findings.  See Jackson, 645 S.W.2d
at 304.  Proceedings to revoke community
supervision forecasts a possible deprivation of liberty; consequently, the
application of appropriate due process of law is constitutionally
required.  Caddell v. State, 605
S.W.2d 275, 277 (Tex.Crim.App. 1980); Ortega v. State, 860 S.W.2d 561,
564 (Tex.App.--Austin 1993, no pet.). 
Due process requires, among other protections, written notice of the
claimed violations and a hearing on the matter. 
Gagnon v. Scarpelli, 411 U.S. 778, 781‑82, 93 S.Ct. 1756,
1759, 36 L.Ed.2d 656, 661 (1973); Ex Parte Martinez, 742 S.W.2d 289, 290‑91
(Tex.Crim.App. 1987); Ex parte Harrington, 883 S.W.2d 396, 401
(Tex.App.--Fort Worth 1994, pet. ref=d).








A finding of true
on the allegation that Appellant committed the crime of aggravated sexual
assault required proof that the child victim was under the age of fourteen
years when the indecent assault took place. 
The burden of the State was to prove on the balance of probabilities
that the indecent conduct alleged occurred when the child was less than
fourteen years of age.  That was not
done.  The only evidentiary argument made
by the State is that the trial court could have inferred from D.E.=s testimony that he did not remember if
he unzipped and took off his pants in April 2000 that a sexual assault
occurred.  We find, however, that D.E.=s testimony about the April 2000 visit
is simply not capable of supporting the necessary or reasonable inference to
satisfy the onus of proof.  Indeed, the
evidence is much more conclusive that the indecent sexual assaults first began
in September 2000, after D.E. was fourteen years of age and ended in December
2000.

The State=s second argument that we should look
to when the Asexual
predation@ began
rather than when the sexual assault took place is without merit.  Fitting the profile of a predatory pedophile
is not an element of the crime that Appellant was alleged to have committed.

We sustain the
Appellant=s issue
and reverse and remand to the trial court.

 

 

July
10, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.

 

(Do Not Publish)