NO. 07-03-0502-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 21, 2004



______________________________




JEFFREY DON ALFORD AND ANGELA DREW ALFORD, APPELLANTS



V.



CYNTHIA JEAN ROBERTS MAYS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 53-458-C; HONORABLE PATRICK A. PIRTLE, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 By letters dated December 2, 2003, and January 5, 2004, this Court directed
appellants Jeffrey Don Alford and Angela Drew Alford to pay the required filing fee of $125
by Friday, January 16, 2004, before any further action could be taken in this appeal, noting
that failure to do so might result in dismissal. Unless a party is excused from paying a filing
fee, the Clerk of this Court is required to collect filing fees set by statute or the Supreme
Court when an item is presented for filing. See Tex. R. App. P. 5 and 12.1(b). Although
the filing of a notice of appeal invokes this Court's jurisdiction, if a party fails to follow the
prescribed rules of appellate procedure, the appeal may be dismissed. Tex. R. App. P.
25.1(b). Thus, because the filing fee of $125 remains unpaid, we must dismiss the appeal.

 Accordingly, the appeal is dismissed for failure to comply with the Texas Rules of
Appellate Procedure and with a notice from the Clerk requiring payment of the filing fee
within ten days. Tex. R. App. P. 42.3(c).


 Don H. Reavis

 Justice





>
 
 









NOS. 07-08-00282-CR, 07-08-00283-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



APRIL
21, 2010

 



 

JARMAL BRISCOE, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 371ST DISTRICT COURT OF TARRANT
COUNTY;

 

NO. 0929049D; HONORABLE MOLLEE WESTFALL, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant Jarmal
Briscoe appeals from the trial court=s judgment
adjudicating him guilty of aggravated robbery in two separate causes, revoking
his community supervision, and sentencing him to two concurrent twenty-year
terms in the Institutional Division of the Texas Department of Criminal
Justice.  By two issues, appellant
contends the trial court abused its discretion in revoking his community
supervision because the evidence presented at the hearing was insufficient to
show appellant committed misdemeanor assault as alleged in the State=s petition.  Finding the court did not abuse its
discretion, we affirm.

Background

On July 22, 2004,
the State indicted appellant, in two causes, for aggravated robbery with a
deadly weapon, a firearm.[1]  The record shows that appellant, on an open
plea to the court, plead guilty in each cause. 
The trial court suspended imposition of appellant=s sentences and placed
him on deferred adjudication community supervision for a period of eight
years.  Appellant=s community
supervision was subject to certain terms and conditions, including that
appellant commit no offense against the State of Texas.  See Tex. Code Crim.
Proc. Ann. art. 42.12, '' 2(2), 3, 11(a)(1) (Vernon Supp. 2007).

After the
conditions of community supervision were once modified, the State filed its
Second Petition to Proceed to Adjudication alleging appellant committed a new
offense of assault on January 7, 2008.[2]


Appellant plead Anot true@ to each of the
State=s
allegations.  The only allegation at
issue is the allegation appellant assaulted another man in January 2008.  In support of its allegations, the State
presented the testimony of the victim and two other witnesses who said they saw
the assault.  Appellant and Jennifer
Downs, the mother of his children, presented his version of the events.  Testimony indicated an altercation ensued
when appellant visited the home of Ms. Downs, who then was dating the
victim.   The States evidence showed
appellant hit the victim in the head with a beer bottle.  Appellants evidence asserted appellant did
not initiate the contact and he acted in self-defense.  The court heard this evidence and found the
State=s allegation to be
true, revoked appellant=s community supervision, and sentenced him
as noted. This appeal followed.

Analysis

        In appellant=s issues, he
contends the trial court abused its discretion in revoking his community
supervision because the evidence presented at the hearing failed to establish
that appellant committed the January 2008 assault.  We disagree, finding the State satisfied its
burden and the trial court did not abuse its discretion.

Appellate review
of an order revoking community supervision is limited to review for abuse of a trial court=s
discretion.  Rickels v. State, 202
S.W.3d 759, 763 (Tex.Crim.App. 2006), quoting Cardona v. State, 665
S.W.2d 492, 493 (Tex.Crim.App. 1984).  In
determining questions regarding sufficiency of the evidence in community
supervision revocation cases, the burden of proof is by a preponderance of the
evidence.  Id.  An order revoking community supervision must
be supported by a preponderance of the evidence; in other words, that greater
weight of the credible evidence which would create a reasonable belief that the
defendant has violated a condition of his community supervision.  Id. at 763-64, citing
Scamardo v. State, 517 S.W.2d 293, 298 (Tex.Crim.App. 1974).  We must view the evidence in a light most
favorable to the verdict.  Garrett v. State, 619 S.W.2d 172, 174 (Tex.Crim.App. 1981).  See also Browder v. State, 109 S.W.3d
484, 485 (Tex.Crim.App. 2003).  At the
hearing of a motion to revoke community supervision, the judge is the sole
fact-finder and in that role is empowered to make credibility
determinations.  Garrett,
619 S.W.2d 172, 174 (Tex.Crim.App. 1981), Duhon v. State, No.
07-07-0064-CR, 2007 WL 2847315 (Tex.App.BAmarillo
Oct. 2, 2007, no pet.) (mem. op., not designated
for publication).

Appellant=s argument
regarding the application of the law to the facts of his case concedes that
several Texas appellate courts hold that evidence supporting a revocation
finding may not be reviewed for factual sufficiency.  See, e.g., Pierce v.
State, 113 S.W.3d 431, 436 (Tex.App.BTexarkana
2003, pet. ref=d); Becker v.
State, 33 S.W.3d 64, 66 (Tex.App.BEl
Paso 2000, no pet.) (so holding).  This court, and the Fort Worth Court of
Appeals from which this case was transferred,[3]
are among them.   Newton v. State, No. 07-08-0136-CR, 2008 WL 4901244 (Tex.App.BAmarillo
Nov. 14, 2008, no pet.) (mem. op., not designated for publication) (considering the administrative nature of a revocation
proceeding and the trial court=s broad
discretion, the general standards for reviewing factual sufficiency do not
apply); Johnson v. State, 2 S.W.3d 685, 687 (Tex.App.BFort
Worth 1999, no pet.).  See also
Duhon, No. 07-07-0064-CR, 2007 WL 2847315, citing Davila v. State, 173 S.W.3d 195, 198 (Tex.App.BCorpus
Christi 2005, no pet.) (collecting cases) (factual sufficiency review is inapplicable to the hearing of
a motion to revoke community supervision). 
However, citing to a child custody case, In re S.W.H., 72 S.W.3d
772, 776 (Tex.App.BFort Worth 2002, no pet.), appellant urges
us to consider factual sufficiency here. 
We decline to do so.  We will
instead review the evidence presented at the hearing to determine whether the
State satisfied its burden of proving at least one violation by a preponderance
of the evidence.

As noted, at the
hearing, the State presented evidence appellant hit the victim with a
bottle.  Its evidence showed appellant
arrived at the apartment of Ms. Downs, his former girlfriend, where three other
individuals, one other female and two males, were present.  At the time, Downs and the victim were
dating.  Appellant came to the apartment
to retrieve some of his belongings.  The
victim was sitting on the couch when appellant reached around him to take a
picture off the wall.  According to the
victim and two other individuals present, appellant Abumped@ the victim.  The victim said he offered to move if
necessary but appellant Agot mad or whatever, and then he hit
[Downs], and he hit me with a bottle.@  The victim testified that appellant hit the
left part of the victim=s head with the bottle and the bottle
broke, causing him pain. The State introduced four photographs in conjunction
with the victim=s testimony.  The two other individuals present that
evening also testified that appellant hit the victim with a bottle and that the
victim did nothing to provoke appellant=s assault. 

As the State
acknowledges, Downs testified appellant did not hit
the victim with a bottle.  However, she
admitted at the hearing she had given police different versions of the events,
including telling police appellant pulled a bottle out of his pocket and hit
the victim with it.  She acknowledged she
also had told police appellant had hit her. 
Her testimony at the hearing included the assertion the victim Aswung at and went
after@ appellant.[4]
 She explained this version came Afrom me and not
from what other people are telling me to say.@  

Appellant
testified he did not assault the victim with the bottle.  He agreed he went to Downs apartment to
retrieve his belongings.  When he got
there, four people were present.  One of
them, the victim, was sitting on the couch when appellant reached over his head
to get a picture off the wall. Appellant testified the victim said he should
have asked him to move.  Appellant then
testified the victim Astood up in [his] face or whatever, and we
exchanged words, and he pushed meB . . . and I hit
him . . . [with] my fist.@ 
Appellant denied having a bottle or hitting the victim with the bottle
but acknowledged he and the victim Awere in a fight.@  He stated he was defending himself and agreed
that the victim was bigger and weighed more than he.  Appellant also denied hitting, striking or
pushing Downs that night.  

On
cross-examination, appellant denied bumping the victim, denied hitting him with
a bottle, and denied hitting Downs.  He
did admit to throwing and breaking a phone, an event testified to by other
witnesses.  He again testified that the
victim began pushing and hitting him with no provocation from appellant at
all.  He maintained he acted in
self-defense. At the close of the evidence and after hearing counsel=s arguments, the
court found the State=s allegation regarding the assault to be Atrue,@ found appellant
violated the terms of his probation, and adjudicated him guilty of the
underlying offense of aggravated robbery with a deadly weapon.  

As noted,
reviewing the sufficiency of evidence supporting revocation of probation, we
view the evidence in a light most favorable to the trial courts action.  Bearing that standard in mind, and recalling
that at such a hearing the trial court, as fact-finder, determines the
credibility of the witnesses, we find the trial court here reasonably could
have believed the version of events described by the victim and two witnesses
and disbelieved the version recounted by appellant and Downs.  We overrule appellant=s issues and
affirm the judgment of the trial court in each cause.

 

James. T. Campbell

            Justice

 

Do not publish.

 

 

 

            








 











[1]  See Tex. Penal Code Ann. ' 29.03 (Vernon
2003).





[2]  The State alleged appellant Adid then and there
intentionally or knowingly cause bodily injury to [male], by hitting him with a
bottle, or punching him with his fist, or hitting him with his hand.@ The State also
alleged appellant failed to pay required fees and costs, and failed to participate
and complete required community service. 
The trial court did not find these allegations to be true.





[3]
See
Tex. Govt Code Ann. § 73.001 (Vernon 2005).





[4] 
Evidence
at the hearing indicated appellant and Downs reconciled shortly after the
incident in question.