NO. 12-03-00192-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS



DONALD BARRETT,
§
 APPEAL FROM THE 369TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 ANDERSON COUNTY, TEXAS






OPINION


 Donald Barrett ("Appellant") appeals the trial court's order revoking his community
supervision. Appellant raises two issues on appeal. We affirm.

Background

 Appellant was charged with robbery and pleaded "guilty." The trial court adjudicated
Appellant guilty and sentenced Appellant to imprisonment for five years, but probated his sentence
and placed him on community supervision for five years. On February 24, 2003, the State filed a
motion to revoke Appellant's community supervision alleging that Appellant violated certain terms
thereof. Specifically, the State contended that Appellant failed to abide by the rules and regulations
of the Substance Abuse Felony Punishment Facility ("SAFP") and was unsuccessfully discharged
from SAFP. 

 On May 1, 2003, a hearing was conducted on the State's motion. Appellant pleaded "not
true" to the allegations in the State's motion. During the presentation of evidence, the State offered
four exhibits, which were admitted over Appellant's hearsay objections. Subsequently, while the
State was cross-examining Appellant, the following exchange occurred: 




 Q. Do you want to complete SAFP?


 A. Yes, sir. I was only 45 days from completing.


 Q. Okay. Did you ever admit to Mrs. Sheeley, your probation officer, that you had engaged in some
misconduct at SAFP?


 A. Yes, sir.


Following the hearing, the trial court revoked Appellant's community supervision and sentenced
Appellant to imprisonment for five years. This appeal followed.


Revocation of Probation

 In his second issue, Appellant argues that the trial court abused its discretion by revoking his
probation. The only question presented in an appeal from an order revoking probation is whether
the trial court abused its discretion in revoking the defendant's probation. See Lloyd v. State, 574
S.W.2d 159, 160 (Tex. Crim. App. [Panel Op.] 1978). The standard of proof in a revocation
proceeding is a preponderance of the evidence. Id. In order to satisfy its burden of proof, the State
must prove that the greater weight of the credible evidence before the trial court creates a reasonable
belief that a condition of community supervision has been violated as alleged in the motion to
revoke. See Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).

 As a general matter, a trial court possesses broad discretion in supervising those defendants
who are placed on community supervision. See Speth v. State, 6 S.W.3d 530, 533 (Tex. Crim. App.
1999); Becker v. State, 33 S.W.3d 64, 66 (Tex. App.-El Paso 2000, no pet.). The degree of the trial
court's discretion extends to revocation proceedings such that the trial court has considerable
discretion to modify, revoke, or continue the probation. Ex parte Tarver, 725 S.W.2d 195, 200
(Tex. Crim. App. 1986); Becker, 33 S.W.3d at 66. Given the trial court's wide discretion and the
unique nature of community supervision revocation proceedings, examination of a revocation order
for factually sufficient evidence is inappropriate. See, e.g., Becker, 33 S.W.3d at 66; Joseph v. State,
3 S.W.3d 627, 642 (Tex. App.-Houston [14th Dist.] 1999, no pet.); Johnson v. State, 2 S.W.3d 685,
687 (Tex. App.-Fort Worth 1999, no pet.); Liggett v. State, 998 S.W.2d 733, 735-36 (Tex. App.-
Beaumont 1999, no pet.); Johnson v. State, 943 S.W.2d 83, 85 (Tex. App.-Houston [1st Dist.]
1997, no pet.); Brumbalow v. State, 933 S.W.2d 298, 300 (Tex. App.-Waco 1996, pet. ref'd). As
such, the trial court is the exclusive judge of the credibility of the witnesses and determines if the
allegations in the motion are sufficiently demonstrated. See Greer v. State, 999 S.W.2d 484, 486
(Tex. App.-Houston [14th Dist.] 1999, pet. ref'd). We view the evidence in the light most favorable
to the trial court's order. Id.

 Appellant contends that the only evidence supporting the trial court's order is contained in
the four exhibits to which he objected on hearsay grounds. (1) We disagree. Appellant testified that
he was only forty-five days from completing SAFP and that he had admitted to his probation officer
that he engaged in misconduct at SAFP. Viewing the evidence in a light most favorable to the trial
court's ruling, we conclude that Appellant's testimony was sufficient to support that he had violated
the terms of his community supervision by failing to abide by the rules and regulations of SAFP and
that he was unsuccessfully discharged from SAFP. Therefore, we hold that the trial court did not
abuse its discretion in revoking Appellant's probation. Appellant's second issue is overruled.


Hearsay


 In his first issue, Appellant argues that the trial court improperly admitted four exhibits
containing hearsay evidence. We iterate that the only question presented in an appeal from an order
revoking probation is whether the trial court abused its discretion in revoking the defendant's
probation. See Lloyd, 574 S.W.2d at 160. 

 As set forth above, Appellant's testimony alone was sufficient to support the trial court's
revocation of his community supervision independent of the exhibits in question. Thus, the
documents of which Appellant complains have no bearing on the question of whether the trial court
abused its discretion. As such, we need not address Appellant's first issue. See Lloyd, 574 S.W.2d
at 160.

Conclusion

 Having overruled Appellant's second issue, we affirm the judgment of the trial court.

 JAMES T. WORTHEN 

 Chief Justice


Opinion delivered February 27, 2004.

Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.


(DO NOT PUBLISH)
1. Appellant's hearsay objections are the subject of Appellant's first issue, which is discussed below.