NO. 12-03-00127-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
HAROLD JOEL GARDNER,                            §                 APPEAL FROM THE 114TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Harold Joel Gardner (“Appellant”) appeals the trial court’s order revoking his community
supervision, following which Appellant was sentenced to imprisonment for ten years. Appellant
raises two issues on appeal.


 We affirm.
 
Background
            Appellant was charged with interference with child custody and pleaded “guilty.” The trial
court found Appellant guilty as charged, but suspended Appellant’s sentence and placed Appellant
on community supervision for five years. At a subsequent revocation hearing, Appellant’s
community supervision was extended an additional five years.


 On March 19, 2003, the State filed
a motion to revoke Appellant’s community supervision. In its motion, the State alleged, among other
things, that Appellant violated the terms of his community supervision by failing to obey the law,



in that Appellant failed unreasonably to provide necessary food and care for a bay mare in his
custody. 
            Appellant pleaded “not true” to the violations alleged in the State’s motion. Following an
evidentiary hearing, the trial court found multiple allegations in the State’s motion, including the
allegation concerning the bay mare, to be “true,” revoked Appellant’s community supervision, and
sentenced Appellant to imprisonment for ten years. This appeal followed.
 
Revocation of Probation
            In his first and second issues, Appellant argues that the evidence is neither legally nor
factually sufficient to support the trial court’s revocation of his community supervision. Specifically,
Appellant argues that the evidence does not demonstrate with sufficient certainty which of the
animals were mistreated in each instance. 
            The only question presented in an appeal from an order revoking probation is whether the
trial court abused its discretion in revoking the defendant’s probation. See Lloyd v. State, 574
S.W.2d 159, 160 (Tex. Crim. App. [Panel Op.] 1978). The standard of proof in a revocation
proceeding is a preponderance of the evidence. Id. In order to satisfy its burden of proof, the State
must prove that the greater weight of the credible evidence before the trial court creates a reasonable
belief that a condition of community supervision has been violated as alleged in the motion to
revoke. See Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Proof of any one alleged
violation is sufficient to support an order revoking community supervision. See O'Neal v. State, 623
S.W.2d 660, 661 (Tex. Crim. App. 1981). The trial court is the exclusive judge of the credibility of
the witnesses and determines if the allegations in the motion are sufficiently demonstrated. See
Greer v. State, 999 S.W.2d 484, 486 (Tex. App.–Houston [14th Dist.] 1999, pet. ref’d). We review
the evidence in the light most favorable to the trial court’s order. Id.
            As a general matter, a trial court possesses broad discretion in supervising those defendants
who are placed on community supervision. See Speth v. State, 6 S.W.3d 530, 533 (Tex. Crim. App.
1999); Becker v. State, 33 S.W.3d 64, 66 (Tex. App.–El Paso 2000, no pet.). The degree of the trial
court’s discretion extends to revocation proceedings such that the trial court has considerable
discretion to modify, revoke, or continue the probation. Ex parte Tarver, 725 S.W.2d 195, 200
(Tex. Crim. App. 1986); Becker, 33 S.W.3d at 66. Given the trial court’s wide discretion and the
unique nature of community supervision revocation proceedings, examination of a revocation order
for factually sufficient evidence is inappropriate. See, e.g., Becker, 33 S.W.3d at 66; Joseph v. State,
3 S.W.3d 627, 642 (Tex. App.–Houston [14th Dist.] 1999, no pet.); Johnson v. State, 2 S.W.3d 685,
687 (Tex. App.–Fort Worth 1999, no pet.); Liggett v. State, 998 S.W.2d 733, 735-36 (Tex.
App.–Beaumont 1999, no pet.); Johnson v. State, 943 S.W.2d 83, 85 (Tex. App.–Houston [1st Dist.]
1997, no pet.); Brumbalow v. State, 933 S.W.2d 298, 300 (Tex. App.–Waco 1996, pet. ref’d).             In the case at hand, Dr. Robert Wilson (“Wilson”), a veterinarian, testified that he was
contacted by the Smith County Sheriff’s Department to come and look at some horses that were thin
and/or down. Wilson identified a bay mare in multiple photographs among the State’s exhibits. 
Wilson further testified that Appellant was the owner of the bay mare, which he examined on the day
in question. Wilson testified that the mare was fairly young, was in “an emaciated condition, thin,
[and] unable to rise.” Wilson continued, stating that after examining this animal, he determined that
the animal was too weak to live and that it was best to put it out of its misery. Wilson determined,
after examining the animal, that the animal’s condition was due to lack of nutrition over a long
period of time. Wilson elaborated that the animal had not received enough food, care, and shelter
to help maintain it in a state of good health. Wilson testified that there was neither a sign of
parasitism, nor other signs of disease present in the bay mare. 
            In his defense, Appellant testified that he checked his horses regularly and that aside from
a few minor problems, they were healthy. Appellant further testified that he did provide proper food 
and care for them. Appellant testified that it was his opinion that Wilson had misdiagnosed the cause
of his horses’ condition.
            Appellant also called Milton Vaughn Jackson (“Jackson”), who testified that he regularly
delivered hay to Appellant’s horses. Jackson further testified that his hay contained an adequate ratio
of protein for horses to consume and remain healthy. Jackson stated that he had delivered hay to
Appellant’s horses on March 5, 2003, and had seen four of Appellant’s horses at a distance. At that
time, according to Jackson, these four horses appeared healthy.
            Based on our review of the record in the light most favorable to the trial court’s ruling, we
conclude that it was reasonable for the court to conclude that a preponderance of the evidence
supported that Appellant had violated a term of his probation in that he failed unreasonably to
provide necessary food and care for a bay mare in his custody. We iterate that the trial court is the
exclusive judge of the credibility of the witnesses and determines if the allegations in the motion are
sufficiently demonstrated. See Greer, 999 S.W.2d at 486. Although the testimony of Appellant and
Jackson is at odds with the testimony of Wilson, it is within the trial court’s province to give greater
weight to the testimony of one witness over that of another. See e.g., Thompson v. State, 54 S.W.3d
88, 97 (Tex. App.–Tyler 2001, no pet.) (fact-finder entitled to determine that one witness more
credible than another). As such, we hold that the trial court did not abuse its discretion. Appellant’s
first and second issues are overruled.
 
Conclusion
            Having overruled Appellant’s first and second issues, we affirm the trial court’s judgment.
 
 
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered April 21, 2004.
Panel consisted of Worthen, C.J., and Griffith, J.
DeVasto, J., not participating


(DO NOT PUBLISH)