NO.
12-06-00389-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

LATRENA SHANNA WALKER,    §          APPEAL
FROM THE THIRD

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          ANDERSON
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Latrena
Shanna Walker appeals the revocation of her community supervision, following
which she was sentenced to confinement for two years.  In one issue, Appellant argues that the trial
court’s finding that “all the allegations have been proven by the state” is
supported by neither legally nor factually sufficient evidence.  We affirm.

 

Background

            Appellant
was charged by indictment with forgery of a financial instrument and pleaded “guilty.”  The trial court found Appellant “guilty” and
sentenced her to confinement for two years. 
Thereafter, the trial court suspended Appellant’s sentence and placed
her on community supervision for five years.

            On
September 2, 2006, the State filed its first amended motion to revoke Appellant’s
community supervision alleging that Appellant had violated certain terms and
conditions thereof.  Specifically, the
State alleged that Appellant violated her community supervision as follows:

 

(1) ... [Appellant
unlawfully appropriated], by acquiring or otherwise exercising control over,
property, to-wit:  beer, of the value of
less than $50, from Brianna Hart (Krogers), the owner thereof, without the
effective consent of the owner, and with intent to deprive the owner of the
property.

 








 

 

... [Appellant]
intentionally or knowingly, with intent to defraud or harm another, pass[ed] to
Brianna Hart, a forged writing, knowing such writing to be forged, and such
writing had been so made; completed; executed; or authenticated that it
purported to be the act of Stacy Marcum, who did not authorize the act, and
said writing was a check of the tenor following: 

 

                                ....

 

... [Appellant]
failed to abstain from the use of narcotic drugs or other controlled substance
in any form except as prescribed by a licensed physician for legitimate medical
purposes; to wit:

 

... [Appellant]
submitted to urinalysis drug testing through Anderson County Community
Supervision and Corrections Department on 04.12.06 to determine whether or not
[she] was using or under the influence of narcotic drugs or any other
controlled substances.  Moreover, on
04.20.06[,] the results of said urinalysis testing indicated the presence of
Cocaine.

 

                                ....

 

... [Appellant]
failed to pay the cost of urinalysis drug test, a total of $15.00 in arrears.

 

                                ....

 

... [Appellant]
failed to pay the cost of Substance Abuse Evaluation, a total of $5.00 in
arrears.

 

                                ....

 

... [Appellant]
failed to perform community service restitution each week as ordered by the
Court for the months of:  February,
March, April, May, and June 2006.

 

                                ....

 

... [Appellant]
failed to pay to the Anderson County Community Supervision and Corrections
Department reimbursement for probationer’s appointed counsel at the rate of
$20.00 per month, for a total of $120.00 in arrears.

 

                                ....

 

... [Appellant]
failed to pay to the Anderson County Community Supervision and Corrections
Department a supervision fee of $45.00 per month for a total of $405.00 in
arrears.

 

                                ....

 

... [Appellant]
failed to pay to the Anderson County Community Supervision and Corrections
Department a court cost of $273.00 at the rate of $6.00 per month, a total of
$60.00 in arrears.

 

                                ....

 

... [Appellant]
failed to pay $50.00 for the benefit of the Anderson County Crime Stoppers within
60 days [of the date of her community supervision order].

 

... [Appellant]
failed to pay restitution to the Anderson County Community Supervision and
Corrections Department in monthly installments of $62.00 each, between the
first and tenth day of the month, a total of $620.00 in arrears.

 

            On
October 19, 2006, the trial court conducted a hearing on the State’s
motion.  Appellant pleaded “not true” to
the allegations in the State’s motion. 
Following the presentation of evidence and argument of counsel, the
trial court found all allegations in the State’s motion to be true, revoked
Appellant’s community supervision, and sentenced Appellant to confinement for
two years.  This appeal followed.

Revocation
of Community Supervision

            In
her sole issue, Appellant contends that the trial court erred in finding that “all
the allegations have been proven by the state” because the finding is supported
by neither legally nor factually sufficient evidence.  Specifically, Appellant contends that there
is insufficient evidence to support a finding that she failed to pay her court
appointed attorney fees.  

            The
only question presented in an appeal from an order revoking community
supervision is whether the trial court abused its discretion in revoking the
defendant’s community supervision.  See
Lloyd v. State, 574 S.W.2d 159, 160 (Tex. Crim. App. [Panel Op.]
1978).  The standard of proof in a
revocation proceeding is a preponderance of the evidence.  Id.  In order to satisfy its burden of proof, the
State must prove that the greater weight of the credible evidence before the
trial court creates a reasonable belief that a condition of community
supervision has been violated as alleged in the motion to revoke.  See Cobb v. State, 851 S.W.2d
871, 873 (Tex. Crim. App. 1993).  Proof
of one violation alone is sufficient to support revocation.  See Cardona v. State, 665
S.W.2d 492, 493 (Tex. Crim. App. 1984). 

            As
a general matter, a trial court possesses broad discretion in supervising those
defendants who are placed on community supervision.  See Speth v. State, 6
S.W.3d 530, 533 (Tex. Crim. App. 1999); Becker v. State, 33
S.W.3d 64, 66 (Tex. App.–El Paso 2000, no pet.).  The degree of the trial court’s discretion
extends to revocation proceedings such that the trial court has considerable
discretion to modify, revoke, or continue the community supervision.  Ex parte Tarver, 725 S.W.2d
195, 200 (Tex. Crim. App. 1986); Becker, 33 S.W.3d at 66.  Given the trial court’s wide discretion and
the unique nature of community supervision revocation proceedings, examination
of a revocation order for factually sufficient evidence is inappropriate.  See, e.g., Becker, 33 S.W.3d at
66; Joseph v. State, 3 S.W.3d 627, 642 (Tex. App.–Houston [14th
Dist.] 1999, no pet.); Johnson v. State, 2 S.W.3d 685, 687 (Tex.
App.–Fort Worth 1999, no pet.); Liggett v. State, 998 S.W.2d 733,
735-36 (Tex. App.–Beaumont 1999, no pet.); Johnson v. State, 943
S.W.2d 83, 85 (Tex. App.–Houston [1st Dist.] 1997, no pet.); Brumbalow v.
State, 933 S.W.2d 298, 300 (Tex. App.–Waco 1996, pet. ref’d).  As such, the trial court is the exclusive
judge of the credibility of the witnesses and determines if the allegations in
the motion are sufficiently demonstrated. 
See Greer v. State, 999 S.W.2d 484, 486 (Tex. App.–Houston
[14th Dist.] 1999, pet. ref’d).  We
review the evidence in the light most favorable to the trial court’s order. Id.

            In
the case at hand, there is evidence in the record to support that Appellant
violated at least one of the terms of her community supervision.  For instance, Tracy Meggs, Appellant’s
probation officer, testified that on April 12, 2006, she suspected that
Appellant was under the influence of something and performed a urinalysis on
Appellant.  Meggs further testified that
the results of the urinalysis came back positive for cocaine use.  

            We
iterate that proof of one violation alone is sufficient to support
revocation.  See Cardona,
665 S.W.2d at 493.  Therefore, since the
record supports that Appellant violated a condition of her community supervision,
we hold that the trial court did not abuse its discretion in revoking her
community supervision.  Appellant’s sole
issue is overruled.

 

Disposition

            Having
overruled Appellant’s sole issue, we affirm the trial court’s
order revoking community supervision.

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion
delivered March 30, 2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

(DO NOT PUBLISH)