Opinion filed August 14, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed August 14,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00292-CR 

                                                     __________

 

                                       ROBIN
ANTWINE, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,  Appellee

 



 

                                        On
Appeal from the 372nd District Court

 

                                                         Tarrant
County, Texas

 

                                                Trial
Court Cause No. 0875502D

 



 

                                                                   O
P I N I O N

 








On
April 25, 2003, the trial court placed appellant on deferred adjudication for
the felony offense of possession of cocaine.  The State subsequently filed a
petition to proceed to adjudication wherein it alleged that appellant had
violated the terms of his deferred adjudication community supervision. 
Specifically, the State asserted that appellant failed to report to his
community supervision officer, left Tarrant County without permission, and
failed to report a change of address.  Upon considering the State=s allegations at a hearing
that occurred on August 15, 2007, the trial court proceeded with adjudication
and sentenced appellant to confinement in the State Jail Division of the Texas
Department of Criminal Justice for a term of eighteen months.  We affirm.

                                                               Background
Facts

The
State called Paul Mansky, a community supervision officer for Tarrant County,
as a witness at the hearing.  Mansky served as appellant=s supervision officer.  He testified that
appellant tested positive for cocaine during the term of his community
supervision.  As a result of the positive test, appellant was required to
report weekly to the community supervision department.  The department advised
appellant of this change by sending him a letter on February 3, 2006.  The
department sent the letter by certified mail to the last address provided by
appellant to the department.  The post office returned the letter back to the
department because it was not deliverable. 

Appellant
did not report on the weeks of February 6, 13, or 21.  Mansky attempted to
visit appellant at his residence on February 14, 2006, but was unable to do
so.  He left a business card and instructions at the residence for appellant to
report weekly.  Mansky subsequently met with appellant on February 22, 2006. 
Mansky advised appellant at this meeting of the requirement for him to report
weekly.   Appellant did not report to the department again after the February
22 meeting.  The hearing concluded with the trial court announcing that it
found the State=s
allegations true regarding appellant=s
failure to report to the department and his failure to notify the department of
his change of address.

                                                                          Issue

In
a single issue, appellant challenges the factual sufficiency of the evidence
supporting the violations alleged by the State.  

                                                              Standard
of Review

On
violation of a condition of community supervision imposed under an order of
deferred adjudication, the defendant is entitled to a hearing limited to the
determination by the court of whether it proceeds with an adjudication of guilt
on the original charge. Tex. Code Crim.
Proc. Ann. art. 42.12, '
5(b) (Vernon Supp. 2007).   This determination is reviewable in the same manner
as a community supervision revocation hearing conducted under Tex. Code Crim. Proc. Ann. art. 42.12,
' 21 (Vernon Supp.
2007).  Id.








The
State has the burden of showing by a preponderance of the evidence that the
defendant committed a violation of the conditions of community supervision.  Cobb
v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); Kulhanek v. State,
587 S.W.2d 424, 426 (Tex. Crim. App. 1979).  The trial court=s order revoking community
supervision is reviewed under an abuse of discretion standard.  Rickels v.
State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); Cardona v. State,
665 S.W.2d 492, 493 (Tex. Crim. App. 1984).  The trial court is the sole judge
of the credibility of the witnesses and the weight given to their testimony,
and the evidence is reviewed in the light most favorable to the trial court=s ruling.  Cardona,
665 S.W.2d at 493; Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim.
App. 1981).  If the State fails to meet its burden of proof, the trial court
abuses its discretion in revoking the community supervision.  Cardona,
665 S.W.2d at 493‑94.  Proof by a preponderance of the evidence of any
one of the alleged violations of the conditions of community supervision is
sufficient to support a revocation order.  Article 42.12, ' 21(b); Moore v. State,
605 S.W.2d 924, 926 (Tex. Crim. App. 1980); Leach v. State, 170 S.W.3d
669, 672 (Tex. App.CFort
Worth 2005, pet. ref=d).

As
noted previously, appellant seeks to challenge the factual sufficiency of the
evidence supporting the trial court=s
determination that he violated the terms of community supervision.  However, a
number of intermediate appellate courts have declined to review a revocation
order for factual sufficiency.  See Becker v. State, 33 S.W.3d 64, 66
(Tex. App.CEl Paso
2000, no pet.); Joseph v. State, 3 S.W.3d 627, 642 (Tex. App.CHouston [14th Dist.] 1999,
no pet.); Johnson v. State, 2 S.W.3d 685, 687 (Tex. App.CFort Worth 1999, no pet.). 
We agree with our sister courts.  As noted in Becker, a revocation
hearing is neither a criminal nor a civil trial, but rather an administrative
hearing in which the trial court is vested with broad discretionary powers.  Becker,
33 S.W.2d at 65-66 (citing Cobb, 851 S.W.2d at 873).  Examination of a
revocation order for factually sufficient evidence is inappropriate given the
trial court=s wide
discretion and the unique nature of community supervision revocation
proceedings.  Id.

                                                                        Analysis








The
evidence established that appellant was required to report monthly to the
community supervision department until he tested positive for cocaine use.  He
was then required to report weekly starting in February 2006.  While the letter
that Mansky sent appellant was returned by the post office, Mansky subsequently
left a card at appellant=s
last reported address advising him of the change in the reporting
requirements.  Appellant did not receive the letter and the card left at his
residence because he moved without advising the community supervision department
of his change of address.  Additionally, Mansky orally advised appellant of the
new requirement at a meeting that occurred on February 22, 2006.  Even though
Mansky instructed appellant to begin reporting weekly, he failed to do so. 
Furthermore, he stopped reporting to the community supervision department
altogether after the meeting.  When viewed in the light most favorable to the
decision to revoke, the trial court=s
determination that appellant violated the reporting and change-of-address
requirements of his community supervision is supported by legally sufficient
evidence.  Accordingly, we conclude that the trial court did not abuse its
discretion by proceeding with adjudication.  

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

August 14, 2008

Publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.