

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-15-00121-CR

_____

DESIMEN TIREE SCOTT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1347134D; Honorable Ruben Gonzalez, Jr., Presiding

July 28, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

On January 21, 2014, pursuant to a plea bargain, Appellant, Desimen Tiree Scott, was placed on deferred adjudication community supervision for five years and assessed a $500 fine for harassment by persons in certain correctional facilities.[1] Four months later, the State moved to proceed to adjudication alleging two new offenses, i.e.,

---

[1] TEX. PENAL CODE ANN. § 22.11(a)(1) (West Supp. 2015).

assault and providing a false or fictitious name to police officers,[2] failure to report, failure to complete community service restitution, failure to complete an anger management program, and failure to complete a program entitled Project Safe Neighborhood. At a hearing on the State's motion, Appellant pled "not true" to the allegations. Following the presentation of evidence, the trial court revoked Appellant's community supervision, adjudicated him guilty, and sentenced him to three years confinement. By a sole issue, he asserts the evidence is legally and factually insufficient to prove by a preponderance of the evidence that he violated one or more of the conditions of his community supervision.[3] We affirm.[4]

BACKGROUND

Appellant was charged with harassing a member of a correctional facility for spitting on an officer while he was incarcerated. After being found competent to proceed, he pleaded guilty and was placed on deferred adjudication community supervision. After the State moved to proceed to adjudication, two more hearings were held to determine Appellant's competency. At the conclusion of both hearings, the court

---

[2] *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2015), § 38.02(b) (West 2011).

[3] Appellant's factual sufficiency challenge is misplaced. The transferor court, as well as this court, has held that evidence supporting a revocation finding may not be reviewed for factual sufficiency. *Johnson v. State*, 2 S.W.3d 685, 687 (Tex. App.—Fort Worth 1999, no pet.); *Briscoe v. State*, No. 07-08-00283-CR, 2010 Tex. App. LEXIS 2938, at *4-5 (Tex. App.—Amarillo April 21, 2010, no pet.) (mem. op., not designated for publication). Considering the unique nature of a revocation hearing and the trial court's broad discretion, the general standards for reviewing factual sufficiency do not apply. *See Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd); *Becker v. State*, 33 S.W.3d 64, 66 (Tex. App.—El Paso 2000, no pet).

[4] Originally appealed to the Second Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Second Court of Appeals and that of this court on any relevant issue. TEX. R. APP. P. 41.3.

determined that Appellant was competent. The hearings revealed that Appellant is an assaultive risk for jail personnel.

Appellant has a history of refusing to speak or cooperate and appeared at the revocation hearing in "special protective clothing" wearing a spit mask and shackles. Given Appellant's refusal to speak, his counsel entered a plea of "not true" as to each allegation contained in the motion to proceed.

Appellant's community supervision officer testified that he failed to report for the month of April 2014 and was arrested on a new offense—assault—in May 2014. He was also charged with providing a false or fictitious name when he was apprehended for the assault. Although Appellant was only on community supervision for a few months, he did not complete the required twelve hours a month of community service. He did not attend anger management, nor did he participate in the Project Safe Neighborhood program as ordered. Although Appellant argued he was not given a time frame in which to complete the programs, the testimony regarding reporting and community service was directed at his monthly requirements which he failed to satisfy.

The assault victim testified she had seen Appellant at her apartment complex and he had twice told her he had been watching her. On the day of the assault, she had entertained friends, and shortly after they left, she heard a knock at her door. Believing her friends had returned, she opened the door to find Appellant standing there. He was drunk and she cursed and yelled at him hoping he would leave. She then proceeded to a neighbor's apartment for help. Appellant got in her face and brushed her right cheek. A fight erupted between them. Although she admitted

throwing the first punch, Appellant grabbed her by the hair, poured beer on her, and hit her in the face with a beer can causing red marks which she testified caused her pain.

Officers were dispatched to the disturbance. Appellant was apprehended and handcuffed. At that time, he misidentified himself to police. Appellant's girlfriend then identified Appellant for the officers and he was arrested for assault.

STANDARD OF REVIEW

An appeal from a court's order adjudicating guilt is reviewed in the same manner as a revocation hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2015). When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this court is whether the trial court abused its discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State,* 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). For issues governed by the less rigorous burden of proof, the appellate standard of review for legal sufficiency is also less rigorous. *Hacker*, 389 S.W.3d at 865.

In a revocation context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Hacker*, 389 S.W.3d at 865 (citing *Rickels*, 202 S.W.3d at 764). The finding of a single violation of community supervision is sufficient to support revocation. *Allbright v. State*, 13 S.W.3d

817, 819 (Tex. App.—Fort Worth 2000, pet. ref'd). Therefore, a trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex. Crim. App. 1984). In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979).

ANALYSIS

Appellant argues he was not the aggressor in the assault and that he did not intentionally mislead the officers by giving a fictitious name when apprehended. The name he gave was so ludicrous—Lloyd Faggett—he argues the officers should have known it was false. The evidence established that the victim in the assault had been pursued by Appellant, a person she did not know. The evidence also demonstrated that Appellant struck the victim with a can on her face that left marks which she testified hurt her.

Appellant also argues the trial court should not have adjudicated him guilty based on a single technical violation of failure to report for one month. Technical violations typically include a defendant's failure to report, pay fees, and perform community service at a specified rate. However, a court may revoke community supervision for any violation, including "technical" violations. *Long v. State*, No. 02-12-00090-CR, 2013 Tex. App. LEXIS 4368, at *9-10 (Tex. App.—Fort Worth April 4, 2013, pet. ref'd); *Nurridin v. State*, 154 S.W.3d 920, 924 (Tex. App.—Dallas 2005, no pet.).

5

Applying the appropriate standard of review, we conclude the trial court did not abuse its discretion in revoking his community supervision and adjudicating Appellant guilty. Appellant's sole issue is overruled.

CONCLUSION

The trial court's judgment adjudicating guilt is affirmed.

Patrick A. Pirtle
Justice

Do not publish.