NOS.
12-05-00175-CR

         
12-05-00213-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

KEN CARMICHAEL LAWSON,     §                      APPEAL FROM THE 114TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Ken
Carmichael Lawson appeals the trial court’s orders in two separate causes revoking
his community supervision.  Appellant
raises two issues on appeal in each cause. 
We affirm.

 

Background

            Appellant
was charged with one count of possession of a controlled substance and a
separate charge of possession of a controlled substance in a penal
institution.  Appellant pleaded “guilty”
in both causes.  The trial court deferred
finding Appellant guilty of the charge of possession of a controlled substance
and placed Appellant on community supervision for ten years in that cause.[1]  The trial court adjudicated Appellant “guilty”
of the charge of possession of a controlled substance in a penal institution
and sentenced him to imprisonment for ten years, but probated Appellant’s
sentence and placed him on community supervision for ten years. 

            On
March 2, 2005, the State filed a motion to revoke Appellant’s community
supervision in each cause alleging that Appellant violated certain terms
thereof.  Specifically, the State
contended, among other things, that Appellant had violated his community
supervision in each cause in that he failed to obey the law by intentionally
possessing a useable quantity of marijuana. 

            On
March 22, 2005, a hearing was conducted on the State’s motions.  Appellant pleaded “not true” to the
aforementioned allegation.  Appellant
further moved to suppress evidence seized during the incident that gave rise to
the State’s motion to revoke his community supervision.  The trial court overruled Appellant’s
motion.  Following the presentation of
evidence, the trial court  found the
allegation in the State’s motion regarding Appellant’s possession of marijuana
to be “true,” adjudicated Appellant guilty of possession of a controlled
substance, revoked Appellant’s community supervision in that cause, and
sentenced Appellant to imprisonment for fifty years.  The trial court further revoked Appellant’s
community supervision with regard to his conviction for possession of a
controlled substance in a penal institution and sentenced Appellant to
imprisonment for ten years in that cause.  
Appellant filed a motion for new trial in both causes.  The trial court declined to hold a hearing on
Appellant’s motions, each of which was overruled by operation of law.  This appeal followed.

 

Issues
Presented

            Appellant
raises the same two issues in each cause. 
In his first issue, Appellant argues that the trial court erred in
failing to conduct a hearing on his motion for new trial.  In his second issue, Appellant argues that
the trial court erred in overruling his motion to suppress.  We will first address Appellant’s issues as
they pertain to the appeal of the trial court’s revocation of Appellant’s
deferred adjudicated community supervision. 
We will then address Appellant’s issues as they pertain to the appeal of
the trial court’s revocation of Appellant’s community supervision concerning
his conviction for possession of a controlled substance in a penal institution.

 

 

Appeal of
Revocation of Deferred Adjudication Community Supervision

            Texas Code of Criminal Procedure Article 42.12, section 5(b)
governs the situation at issue with regard to Appellant’s second issue.  Article 42.12, section 5(b) states as
follows:

 

On violation of
a condition of community supervision imposed under Subsection (a) of this
section, the defendant may be arrested and detained as provided in Section 21
of this article.  The defendant is
entitled to a hearing limited to the determination by the court of whether it
proceeds with an adjudication of guilt on the original charge.  No appeal may be taken from this
determination.

 

 

Tex. Code
Crim. Proc. Ann. art.
42.12 § 5(b) (Vernon Supp. 2005) (emphasis added). 

            In
Connolly v. State, 983 S.W.2d 738 (Tex. Crim. App. 1999), the
court of criminal appeals reiterated a long line of cases dealing with
situations similar to the instant case.  See
Connolly, 983 S.W.2d at 740–41 (citing Olowosuko v. State,
826 S.W.2d 940, 942 (Tex. Crim. App. 1992) (explaining that court of criminal
appeals had “held from the beginning of deferred adjudication practice that the
Legislature [had] meant what it said in Article 42.12 § 5(b)”); Phynes v.
State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992) (on appeal of trial court’s
decision to revoke community supervision and adjudicate, even if the appellant’s
right to counsel had been violated, the appellant could not use direct appeal
as the vehicle with which to seek redress); Wright v. State, 592
S.W.2d 604, 606 (Tex. Crim. App. 1980) (under the terms of the statute, no
appeal may be taken from the hearing in which the trial court determines to
proceed with an adjudication of guilt on the original charge); Williams
v. State, 592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979) (trial court’s
decision to proceed with an adjudication of guilt is one of absolute discretion
and is not reviewable)).  The court
continued:

 

In all these cases,
we have tried to make clear that, given the plain meaning of Article 42.12 §
5(b), an appellant whose deferred adjudication probation has been revoked and
who has been adjudicated guilty of the original charge, may not raise on appeal
contentions of error in the adjudication of guilt process. [citation omitted].  Moreover, since the legislature has not
overturned our interpretation of the statute after all these years, we are
confident that our interpretation is correct. 
See State v. Hall, 829 S.W.2d 184, 187 (Tex. Crim. App.
1992) (prolonged legislative silence following judicial interpretation of
statute implies approval of interpretation).

 

 

Connolly, 983 S.W.2d at 741.

            In
our view, given the factual similarities between Connolly,
its progeny, and the case at hand, the holdings in Connolly and
the cases cited therein control the instant case as it relates to the trial
court’s decision to proceed to adjudication. 
Considering the plain meaning of article 42.12, section 5(b) and the
long line of authority from the court of criminal appeals on the issue, we hold
that Appellant cannot raise the issue related to the trial court’s overruling
his motion to suppress, insofar as that issue arises out of the trial court’s
decision to proceed with the adjudication of guilt.  Therefore, since Appellant’s second issue
relates to the trial court’s decision to proceed with adjudication, we lack
jurisdiction to consider it.

Failure to Conduct a Hearing on Motion
for New Trial

            In
his first issue, Appellant argues that the trial court erred in allowing his
motion for new trial to be overruled by operation of law without conducting a
hearing because his motion was based on newly discovered evidence.[2]  A motion for new trial is a prerequisite to
presenting an issue on appeal when necessary to adduce facts not in the
record.  See Tex. R. App. P. 21.2.

            Standard
of Review

             It is within the trial court's sound
discretion to grant or deny a motion for new trial. Waller v. State, 931
S.W.2d 640, 644 (Tex. App.–Dallas 1996, no pet).  We do not disturb the trial court’s decision
unless it abused its discretion.  Id.;
see Appleman v. State, 531 S.W.2d 806, 810 (Tex. Crim. App. 1976)
(op. on reh’g); State v. Gonzalez, 820 S.W.2d 9, 11-12 (Tex. App.–Dallas
1991), aff’d, 855 S.W.2d 692 (Tex. Crim. App. 1993).  Under this standard, we reverse only when the
trial judge’s decision was so clearly wrong as to lie outside that zone within
which reasonable persons might disagree. 
Gonzales, 855 S.W.2d at 695 n.4.  This standard further applies when the trial
court denies the motion without an evidentiary hearing.  See McIntire v. State, 698 S.W.2d
652, 660 (Tex. Crim. App. 1985); Owens v. State, 832 S.W.2d 109,
111 (Tex. App.–Dallas 1992, no pet.). 

            Presentment
and Request for Hearing

            A
trial court must hold a requested hearing on a properly presented motion for
new trial that raises matters which are not determinable from the record.  See Fagan v. State, 89 S.W.3d
245, 249 (Tex. App–Texarkana 2002, pet. ref’d). 
However, the right to a hearing on a motion for new trial is not
absolute.  See Reyes, 849
S.W.2d at 815 (Tex. Crim. App. 1993).  In
addition to timely filing the motion with supporting affidavits that
demonstrate reasonable grounds for believing that some error has occurred, the
defendant must present the motion to the trial court.  Rozell v. State,  176 S.W.3d 228, 230 (Tex. Crim. App.
2005).  To present a motion in the
context of a motion for new trial, the defendant must give the trial court
actual notice that he timely filed a motion for new trial and request a hearing
on the motion for new trial.  Id.;
Carranza v. State, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998) (quoting
concurring opinion with approval [Carranza, 960 S.W.2d at 81
(Overstreet, J., concurring)]).  The rationale
for such a requirement is the same as that which supports preservation of error
generally; a trial court should not be reversed on a matter that was not
brought to the trial court’s attention.  See
Rozell, 176 S.W.3d at 220; see also Tex. R. App. P. 33.1(a). 
Presenting the motion along with a request for a hearing is required to
let the court know that the defendant wants the trial court to act on the
motion and whether the defendant would like a hearing on the motion.  Id.  Such is akin to objecting to the erroneous
admission of evidence.  Id.  Absent a proper objection that alerts the
trial court to the erroneous admission, the error has not been preserved for
appellate review.  Id 

            In
the case at hand, the record does not contain a request for hearing on
Appellant’s motion for new trial.  The
record does contain a document filed with the clerk and signed by Appellant’s
trial counsel entitled “Certificate of Presentment,” which states as follows:

 

On April 14, 2005, I
hereby certify that I filed a Motion for New Trial in the above entitled and
numbered cause.  I further certify that
on April 15, 2005, the motion was presented to the trial court.  The trial court wrote “file” on the motion
and it was placed in the defendant’s court file without a setting for a hearing
on the Motion for New Trial, which was requested, or a ruling on the Motion for
New Trial.

 

 

We do not reach the question of
whether Appellant’s certification that the motion was “presented” to the trial
court satisfies the specific requirements of presentment.  Although the aforementioned certification
states that a hearing was requested, it is not itself a request for a hearing
which, assuming the motion was properly presented, will preserve the complaint
Appellant now raises on appeal.  See Tex. R. App. P. 33.1(a) (to preserve an
issue for appeal, the record must reflect that the matter was brought to the
trial court with sufficient specificity). 
We conclude that Appellant’s counsel’s certification filed with the
clerk that a hearing was requested lacks the requisite specificity to preserve
the issue Appellant now raises on appeal. Appellant’s first issue in this cause
is overruled.

 

Revocation
of Community Supervision

            We
next consider Appellant’s conviction for possession of a controlled substance
in a penal institution.  The only
question presented in an appeal from an order revoking community supervision is
whether the trial court abused its discretion in revoking the defendant’s community
supervision.  See Lloyd v. State, 574
S.W.2d 159, 160 (Tex. Crim. App. [Panel Op.] 1978).  The standard of proof in a revocation
proceeding is a preponderance of the evidence. 
Id.  In order to
satisfy its burden of proof, the State must prove that the greater weight of
the credible evidence before the trial court creates a reasonable belief that a
condition of community supervision has been violated as alleged in the motion
to revoke.  See Cobb v. State, 851
S.W.2d 871, 873 (Tex. Crim. App. 1993).

            As
a general matter, a trial court possesses broad discretion in supervising those
defendants who are placed on community supervision.  See Speth v. State, 6
S.W.3d 530, 533 (Tex. Crim. App. 1999); Becker v. State, 33
S.W.3d 64, 66 (Tex. App.–El Paso 2000, no pet.).  The degree of the trial court’s discretion
extends to revocation proceedings such that the trial court has considerable
discretion to modify, revoke, or continue the community supervision.  Ex parte Tarver, 725 S.W.2d
195, 200 (Tex. Crim. App. 1986); Becker, 33 S.W.3d at 66.  Given the trial court’s wide discretion and
the unique nature of community supervision revocation proceedings, examination
of a revocation order for factually sufficient evidence is inappropriate.  See, e.g., Becker, 33 S.W.3d at
66; Joseph v. State, 3 S.W.3d 627, 642 (Tex. App.–Houston [14th
Dist.] 1999, no pet.); Johnson v. State, 2 S.W.3d 685, 687 (Tex.
App.–Fort Worth 1999, no pet.); Liggett v. State, 998 S.W.2d 733,
735-36 (Tex. App.–Beaumont 1999, no pet.); Johnson v. State, 943
S.W.2d 83, 85 (Tex. App.–Houston [1st Dist.] 1997, no pet.); Brumbalow v.
State, 933 S.W.2d 298, 300 (Tex. App.–Waco 1996, pet. ref’d).  As such, the trial court is the exclusive
judge of the credibility of the witnesses and determines if the allegations in
the motion are sufficiently demonstrated. 
See Greer v. State, 999 S.W.2d 484, 486 (Tex. App.–Houston
[14th Dist.] 1999, pet. ref’d).  We
review the evidence in the light most favorable to the trial court’s order. Id.

            Appellant
again argues in his first issue that the trial court erred in overruling his
motion for new trial.  For the reasons
set forth above, we likewise overrule Appellant’s first issue in this cause.

            We
next turn to Appellant’s second issue regarding the trial court’s overruling
his motion to suppress.  We iterate that
the only question presented in an appeal from an order revoking community
supervision is whether the trial court abused its discretion in revoking the
defendant’s community supervision.  See
Lloyd, 574 S.W.2d at 160. 
Thus, to the extent that the evidence Appellant contends should have
been suppressed is relevant to the issue of whether the trial court abused its
discretion in revoking Appellant’s community supervision, we may address
it.  However, Appellant has not raised an
issue on appeal contending that the trial court abused its discretion in
revoking his community supervision.  He
has, therefore, waived such an issue.  See
Tex. R. Civ. P. 38.1(e).  Appellant’s second issue in this cause is
overruled.

 

Conclusion

            As
it pertains to the trial court’s decision to proceed to adjudication on the
charge that Appellant possessed a controlled substance, Appellant’s second
issue is dismissed for want of jurisdiction.  We have overruled Appellant’s first issue related
to that cause.  With regard to the cause
relating to Appellant’s conviction for possession of a controlled substance in
a penal institution, we have overruled Appellant’s first and second
issues.  Having overruled the issues
Appellant raised over which we have jurisdiction, we affirm the
trial court’s judgment in each cause.

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered June 30, 2006.

Panel
consisted of Worthen, C.J. and Griffith, J.

 

 

 

 

 

(DO NOT PUBLISH)











[1]
Appellant was charged with possession of between four and two hundred grams of
cocaine, a second degree felony.  See Tex.
Health & Safety Code Ann. §§ 481.102(3)(D); 481.115(a), (d) (Vernon
Supp. 2005);   The indictment in this
cause contained an enhancement paragraph for a prior conviction for aggravated
assault.  See Tex. Pen. Code Ann. §§ 12.32(a);
12.42(b) (Vernon 2003 & Supp. 2005).





[2] Although a trial court’s decision to proceed
with an adjudication of guilt is one of absolute discretion and is not
reviewable, after an adjudication of guilt, all proceedings, including
assessment of punishment and defendant’s appeal, continue as if the
adjudication of guilt had not been deferred. 
Tex. Code Crim. Proc. Ann.  art. 42.12 § 5(b).